[S.F. No. 23597. July 10, 1980.]

JAMES WILLIAM MACK, Petitioner, v.
EVELLE J. YOUNGER, as Attorney General, etc., Respondent.

COUNSEL

George K. Littlefield and Robert McDermand III for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Michael Franchetti and G. Michael Gates, Deputy Attorneys General, for Respondent.

OPINION

MOSK, J.—■  In this proceeding and a consolidated companion case *(Younger* v. *Superior Court,* S.F. 23517) petitioner Mack sought to vindicate the constitutionality of legislation requiring law enforcement agencies, upon request, to destroy records of arrests or convictions for certain marijuana offenses. (Health & Saf. Code, § 11361.5, subd. (b).) In an opinion filed April 26, 1978 *(Younger* v. *Superior Court* (1978) 21 Cal.3d 102 [145 Cal.Rptr. 674, 577 P.2d 1014]), we upheld the constitutionality of this statute against the Attorney General's claim that it violates the separation of powers. Accordingly, we granted an original writ of mandate compelling the Attorney General to process petitioner's application for destruction of the records of a conviction coming within the terms of the statute.

Before our decision became final, petitioner filed a motion for an award of attorney's fees for services rendered in this proceeding. He re-

lied, inter alia, on Code of Civil Procedure section 1021.5.[1] Rather than delay finality, we followed prior practice (see, e.g., *Serrano* v. *Priest* (1976) 18 Cal.3d 728, 777 [135 Cal.Rptr. 345, 557 P.2d 929]) and modified our opinion to reserve jurisdiction to determine the motion in due season. (21 Cal.3d at p. 120.) We then deferred acting on the motion until we had rendered our decision in *Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal.3d 917 [154 Cal.Rptr. 503, 593 P.2d 200]. In *Woodland Hills* we held that section 1021.5 is applicable to all cases not yet final at the time the statute became effective (Jan. 1, 1978). (*Id.* at pp. 930-932.) Concluding that petitioner was entitled to an award of attorney's fees under this statute, we granted his motion for such an award on August 9, 1979. Because the underlying proceeding was a petition for original writ in this court rather than an appeal, however, we were unable to follow our practice of remanding such motions to the court in which the trial was held for the purpose of taking evidence on, and fixing, the reasonable amount of fees to be awarded. (See, e.g., *Serrano* v. *Priest* (1977) 20 Cal.3d 25, 50 [141 Cal.Rptr. 315, 569 P.2d 1303].) We therefore appointed a referee to perform that duty.

Counsel for the parties thereafter negotiated a settlement of petitioner's claim for attorney's fees and executed an agreement and release to that effect. The referee has now filed his report, submitting this settlement agreement to us with his approval. We adopt the terms of the agreement as our decision on the motion. Accordingly, petitioner is entitled to an award of attorney's fees against the State of California in the amount of $14,992.40, without interest.

Bird, C. J., Tobriner, J., Richardson, J., and Manuel, J., concurred.

---

[1]Section 1021.5 provides: "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any. With respect to actions involving public entities, this section applies to allowances against, but not in favor of, public entities, and no claim shall be required to be filed therefor."