[Civ. No. 67109. Second Dist., Div. One. Dec. 30, 1982.]

KORY HAGLUND, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
NELLIE G. FLORES et al., Real Parties in Interest.

**COUNSEL**

Lynn McGinnis and David N. Hall for Petitioner.

No appearance for Respondent.

Manthei & Muir and Donald B. Brown for Real Parties in Interest.

OPINION

**THE COURT.**\*—The petition for writ of mandate, filed December 10, 1982, has been read and considered.

In the within petition, review of an order denying petitioner's application to file a cross-complaint in forma pauperis is sought. ▮ As there is not a plain, speedy or adequate remedy at law, and in view of the fact the issuance of alternative writ would add nothing to the full presentation already made and would only serve the purposes of delay, we deem this to be a proper case for the issuance of a peremptory writ of mandate "in the first instance." (Code Civ. Proc., § 1088.)

The record before this court establishes that petitioner filed an application for waiver of filing fees on October 21, 1982. In her application, petitioner disclosed that she was receiving aid to families with dependent children (AFDC) and food stamps. She did not provide any information as to her monthly income or expenses.[1]

Government Code section 68511.3 and California Rules of Court, rule 985, require that the court grant the in forma pauperis petition if the litigant declares under penalty of perjury that he or she is receiving AFDC or food stamps.[2] ▮ The court took the position that Government Code section 68511.3 and rule 985 constituted an illegal delegation of the court's exercise of discretion in these matters to "some bureaucrat" connected with the welfare program and denied the application.[3]

Under article VI, section 6 of the California Constitution the Judicial Council is vested with the authority to "adopt rules for court administration, practice

---

\*Before Spencer, P. J., Hanson (Thaxton), J., and Dalsimer, J.

[1]The application for waiver of court fees and costs form signed by petitioner does not require that a welfare recipient provide detailed financial information. This form was drafted and approved by the Judicial Council. (Rule 982.)

[2]Section 68511.3 of the Government Code provides, in pertinent part: "Not later than January 1, 1981, the Judicial Council shall formulate and adopt uniform forms and rules of court for litigants proceeding in forma pauperis. Such rules shall provide. . . (5) that permission to proceed in forma pauperis *be granted* (a) to litigants who declare under penalty of perjury that they are receiving benefits pursuant to the Supplemental Security Income (SSI) and State Supplemental Payments (SSP) programs. . . , the *Aid to Families With Dependent Children* (AFDC) program. . . , the *Food Stamp* program . . . or Section 17000 of the Welfare and Institutions Code. . . ." (Italics added).
On January 1, 1981, the Judicial Council adopted court rule 985, which complies with the mandates of the Government Code. Under rule 985(b): "[t]he [in forma pauperis] application . . . *shall be granted* and payment of court fees and costs listed in subdivision (i) *shall be waived* if the applicant meets the standards of eligibility established by subdivision 5(a) . . . of Government Code section 68511.3." (Italics added.)

[3]Petitioner's counsel paid the filing fee.

and procedure, not inconsistent with statute." In 1971, our Supreme Court recognized that "the Judicial Council *could,* in the exercise of its rule-making power, promulgate rules governing applications for in forma pauperis relief. Similarly, the Legislature, being entrusted with the responsibility for the maintenance and operation of the appellate judiciary, *has the authority to declare under what circumstances, and upon what terms and conditions,* indigent litigants should be permitted free access to the appellate courts." (*Ferguson* v. *Keays* (1971) 4 Cal.3d 649, 656 [94 Cal.Rptr. 398, 484 P.2d 70].) (Italics added.) (See also, *Sacramento etc. D. Dist.* v. *Superior Court* (1925) 196 Cal. 414, 432 [238 P. 687].)

Shortly after *Ferguson,* the Supreme Court explored the need for the expedient resolution of a litigant's eligibility to proceed in forma pauperis. (*Earls* v. *Superior Court* (1971) 6 Cal.3d 109 [98 Cal.Rptr. 302, 490 P.2d 814].) The court was particularly concerned with the problem of burdensome and time consuming procedures which "could impose a severe hardship upon litigants, upon volunteer attorneys if any can be obtained, and upon the court itself." (*Earls* v. *Superior Court, supra,* 6 Cal.3d at 114, fn. 4.)

In complete harmony with the concerns expressed by the Supreme Court in *Earls* and *Ferguson,* the Legislature enacted Government Code section 68511.3 in 1979. This statute provides specific terms and conditions under which an individual might be eligible to proceed in forma pauperis.[4] ▆ Under this statute, petitioner, a recipient of AFDC and food stamps, was clearly entitled to have her application to proceed in forma pauperis granted.

Let a peremptory writ of mandate issue commanding respondent court to vacate its order of November 5, 1982, in Los Angeles County Superior Court case number SEC 38161, entitled Nellie G. Flores, etc., et al. v. Kory Haglund, denying petitioner's application to proceed in forma pauperis, and thereafter make a new and different order granting said application.

---

[4]Government Code section 68511.3 was amended on September 21, 1982 (Sen. Bill No. 1564). Significantly, the new legislation does not require that a welfare recipient disclose his or her monthly expenses.