[No. B172309. Second Dist., Div. Seven. June 30, 2004.]

ABEL CRUZ et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondents;
SHAWN AYROMLOO, Real Party in Interest.

**COUNSEL**

Legal Aid Foundation of Los Angeles, T. E. Glenn; Western Center for Law & Poverty, Richard A. Rothschild and Robert Newman for Petitioners.

Horvitz & Levy, Frederic D. Cohen and David S. Ettinger for Harriett Buhai Center for Family Law as Amicus Curiae on behalf of Petitioners.

Bill Lockyer, Attorney General, Manuel M. Medeiros, State Solicitor General, Andrea Lynn Hoch, Chief Assistant Attorney General, Louis R. Mauro, Assistant Attorney General, Kenneth R. Williams, Michelle Mitchell Lopez and Douglas J. Woods, Deputy Attorneys General.

No appearance by Real Party in Interest.

**OPINION**

**PERLUSS, P. J.—**

> *"Access to justice is a fundamental and essential right in a democratic society. It is the responsibility of government to ensure that all people enjoy this right."*[1]

To protect indigents' right of access to our courts, the California Legislature has mandated that litigants whose incomes are insufficient to pay court

---

[1] California Commission on Access to Justice, The Path To Equal Justice: A Five-Year Status Report on Access to Justice in California (October 2002) Finding A, page 36.

fees and costs without sacrificing their ability to provide "the common necessaries of life" for themselves or their families must be granted permission to proceed in forma pauperis. (Gov. Code, § 68511.3, subd. (a)(6)(C).)[2] If an individual completes and files the appropriate Judicial Council-approved form requesting a fee waiver but there is a "substantial evidentiary conflict" as to the applicant's right to proceed in forma pauperis, the trial court may not deny the application without first conducting a noticed hearing to determine his or her eligibility for the fee waiver. (Cal. Rules of Court, rule 985(f).)[3]

The petitioners before us are 19 low-income individuals whose applications to proceed in forma pauperis under subdivision (a)(6)(C) were denied without a hearing and without consideration of the criteria specified in that subdivision. In response to their petition, we ordered respondent Los Angeles Superior Court (Superior Court) to show cause why it should not be compelled to cease implementation of any formal or informal policy to deny applications for waiver of fees without making the determination required by subdivision (a)(6)(C) and without complying with the procedural requirements set forth in rule 985. Our order to show cause also provided, as an alternative, that the Superior Court could demonstrate it does not have any such formal or informal policy.

The Superior Court concedes it incorrectly applied the income guidelines in section 68511.3, subdivision (a)(6)(B) to deny petitioners' applications, rather than evaluating their ability to pay for the necessities of life as well as court costs under subdivision (a)(6)(C), but asserts any error was cured during the pendency of this writ petition by an order to reconsider petitioners' fee waiver requests. However, on reconsideration two-thirds of the applications were again denied without hearing.[4]

Although we are not persuaded there exists a court-wide policy to refuse to properly decide subdivision (a)(6)(C) fee waiver applications, as petitioners initially contended, it nonetheless appears the process by which the Superior Court determines those applications is inconsistent with procedures mandated by the California Rules of Court. Accordingly, we issue a writ of mandate to the Superior Court directing it to vacate its orders denying petitioners' fee waiver applications made without an evidentiary hearing and to enter new

---

[2] Statutory references are to the Government Code unless otherwise indicated. For convenience, section 68511.3, subdivision (a)(6)(C) will be referred to as subdivision (a)(6)(C).

[3] References to a rule or rules are to the California Rules of Court.

[4] On reconsideration the applications for fee waivers of two petitioners were granted; hearings on the applications of four other petitioners were scheduled to resolve evidentiary conflicts regarding their income and expenses. The applications of all other petitioners were again denied without hearing.

orders granting the affected applicants at least 10 days' written notice of an evidentiary hearing to determine their eligibility to proceed in forma pauperis under subdivision (a)(6)(C).

## PROCEDURES GOVERNING FEE WAIVER APPLICATIONS

■ Section 68511.3, subdivision (a) instructs the Judicial Council to adopt rules of court and uniform forms to be used by litigants requesting waivers of court fees and costs. Section 68511.3, subdivision (a)(6) identifies three categories of litigants for whom permission to proceed in forma pauperis must be granted: (A) litigants who are receiving government benefits from specified public assistance and supplemental income programs;[5] (B) litigants whose monthly income is 125 percent or less of the current monthly federal poverty guideline;[6] and (C) "[o]ther persons when in the court's discretion, this permission is appropriate because the litigant is unable to proceed without using money which is necessary for the use of the litigant or the litigant's family to provide for the common necessaries of life." Litigants who apply for permission to proceed in forma pauperis pursuant to subdivision (a)(6)(C) are required to file a financial statement under oath on a form promulgated pursuant to rules adopted by the Judicial Council. (§ 68511.3, subd. (b)(2).)

■ Rule 985, adopted pursuant to the Legislature's direction in section 68511.3, subdivision (a), details the procedures to be followed in determining applications to proceed without paying court fees and costs. Rule 985(a) directs all applications be made on Judicial Council form 982(a)(17)[7] and prohibits use of any additional form not adopted by the Judicial Council as part of the application process.[8]

Form 982(a)(17) requires the litigant to declare his or her"gross monthly pay" and also provides for calculation of "monthly take-take home pay":

---

[5] Section 68511.3, subdivision (a)(6)(A) requires permission to proceed in forma pauperis be granted to litigants who receive benefits from the Supplemental Security Income (SSI) and State Supplemental Payments (SSP) programs, the California Work Opportunity and Responsibility to Kids Act (CalWORKs) program or the Food Stamp program or pursuant to Welfare and Institutions Code section 17000.

[6] The poverty guideline identified in section 68511.3, subdivision (a)(6)(B) is the "current monthly poverty line annually established by the Secretary of Health and Human Services pursuant to the Omnibus Budget Reconciliation Act of 1981, as amended."

[7] A copy of form 982(a)(17) is attached as appendix A, *post*, pages 192–193. Judicial Council form 982(a)(20) is to be used for an application for waiver of additional court fees and costs under rule 985(j). (See rule 985(a).)

[8] An exception to the limitation on nonapproved forms is made for inmates filing civil actions, as authorized by section 68511.3, subdivision (e)(1). (See rule 985(a).)

"gross monthly pay" less "payroll deductions" (line 9(b); for example, deductions for Social Security, Medicare and federal and state income taxes). The litigant must also list other sources of monthly income or receipts (for example, spousal or child support, disability payments, interest income and lottery winnings) and the gross monthly income of persons living in the home who depend in whole or in part on the litigant for support. Line 9(g), labeled "total gross monthly household income," includes all sources of income or revenue without any adjustment for payroll deductions or withholdings for the litigant or other individuals whose gross income is included in the calculation. The expense side of the form specifically directs the applicant *not* to include items listed as payroll deductions on line 9(b). The applicant is also asked to identify balances on hand in savings, checking and credit union accounts and is given the opportunity at line 12 to supply any additional facts that support the request for waiver of fees and costs (for example, any unusual medical needs or expenses for recent family emergencies).

■ Although the court may authorize appropriate county officials (including the clerk of the court) to make reasonable efforts to verify the litigant's financial condition, additional documentation relating to the litigant's financial condition may be required of an applicant proceeding under subdivision (a)(6)(C) only if he or she failed to provide information requested by the approved application form "or if the court has good reason to doubt the truthfulness of the factual allegations in the application." (Rule 985(b).) Rule 985(d) permits the trial court to delegate to the clerk the authority to grant applications that meet the standards of eligibility established by section 68511.3, subdivision (a)(6)(A) and (B), but not the authority to deny an application.

An application is automatically granted if not acted upon within five court days of filing. (Rule 985(e).) If the court determines within that five-court day period that there is a "substantial evidentiary conflict concerning the applicant's eligibility" for in forma pauperis status, the trial court must hold a hearing, upon no less than 10 days' written notice, to determine his or her eligibility for the fee waiver. (Rule 985(f).)

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioners are 19 of 32 plaintiffs in a lawsuit filed in Los Angeles Superior Court against their landlord seeking to enforce their right to return to their apartments after being forced to evacuate the building following a raw sewage spill and subsequent order of repair from the Los Angeles Housing Department (*Cruz v. Ayromloo* (Super. Ct. L.A. County, 2003, No. BC303634)). All 32 plaintiffs filed applications to proceed in forma pauperis pursuant to section 68511.3, subdivision (a)(6) and rule 985. The 13

applications requesting fee waivers pursuant to section 68511.3, subdivisions (a)(6)(A) and (a)(6)(B) were granted by the Superior Court. Petitioners requested fee waivers pursuant to subdivision (a)(6)(C), each declaring under penalty of perjury that his or her income is not enough to pay court fees and costs and also to pay for the common necessaries of life for the applicant and the applicant's family. Each petitioner completed Judicial Council form 982(a)(17), including the financial information portion of the application.

On November 7, 2003 the Superior Court denied all 19 subdivision (a)(6)(C) applications without a hearing. As to each petitioner, the form order on application for waiver of court costs and fees stated as the reason for denying the waiver request (by checkmark in the box): "Monthly household income exceeds guidelines (Gov. Code § 68511.3(a)(6)(B))." None of the 19 orders denying the fee waiver applications addressed the criteria specified in subdivision (a)(6)(C), that is, whether the litigant, whose income exceeded 125 percent of the federal poverty guidelines, was nonetheless unable to proceed without using funds otherwise required to provide for the common necessities of life for the litigant or his or her family.

Upon learning that all applications for fee waivers pursuant to subdivision (a)(6)(C) had been denied, T.E. Glenn of the Legal Aid Foundation of Los Angeles, counsel for seven of the petitioners, spoke with two clerks who work with the Superior Court commissioner primarily responsible for civil fee waiver applications (other than those for family law and probate). According to the declaration submitted with the petition for writ of mandate, Glenn was told completion of the detailed financial information portion of form 982(a)(17) was insufficient for a fee waiver pursuant to subdivision (a)(6)(C): Applicants must also submit a supplemental declaration providing additional justification for a fee waiver although there is no indication litigants are advised of this further requirement. Glenn was also told the Superior Court does not conduct evidentiary hearings before denying subdivision (a)(6)(C) fee waiver requests, but will upon request hold a hearing to reconsider its earlier denial of an application.

On January 9, 2004 petitioners filed their petition for writ of mandate alleging that respondent Los Angeles Superior Court unlawfully maintains a policy and practice of refusing to exercise discretion and consider applications for waiver of court fees and costs pursuant to subdivision (a)(6)(C) for applicants with incomes exceeding 125 percent of the federal guidelines. The petition also asserted the Superior Court improperly fails to schedule evidentiary hearings as required by rule 985(f) when substantial evidentiary conflicts exist with respect to an applicant's eligibility for a fee waiver pursuant to subdivision (a)(6)(C).

On February 6, 2004 the Superior Court filed an informal opposition to the petition, advising this court that the orders of November 7, 2003 denying petitioners' applications had been vacated earlier that day and all 19 applications would be reconsidered. (The Superior Court explained the commissioner who regularly considers fee waiver requests was unavailable on November 7, 2003 and petitioners' applications had been denied by a commissioner who was less familiar with the law governing such applications.) The Superior Court suggested the petition was therefore moot.

We issued an order to show cause on February 10, 2004 directing the Superior Court to show cause why it should not be compelled to cease implementation of any formal or informal policy to deny applications for fee waivers under subdivision (a)(6)(C) without exercising discretion under that provision or without complying with the procedural requirements contained in rule 985. As an alternative, the Superior Court could demonstrate it did not have any such formal or informal policy.

In its return filed March 1, 2004 the Superior Court maintained it does not have any policy, formal or informal, to deny applications under subdivision (a)(6)(C) without applying the criteria and exercising discretion under that provision. The commissioner regularly responsible for deciding fee waiver requests submitted a declaration in which he stated "there is not and has never been any court policy of automatic rejection of applications under [subdivision (a)(6)(C)]." "Fee waivers have been and continue to be granted in whole or in part under Government Code section 68511.3(a)(6)(C)." The commissioner also declared that he holds hearings pursuant to rule 985(f) whenever there is a substantial evidentiary conflict in the information provided by the applicant: "Substantial evidentiary conflicts may arise in the form of my having some doubt as to the legitimacy of the applicant's answers in the application." However, the commissioner explained that, in his view, a hearing is not required simply because he concludes from the financial information submitted that the applicant can afford to pay court fees, notwithstanding the applicant's contrary declaration.[9] Petitioners filed a reply to return, which included the Superior Court's order of February 17, 2004 granting the fee waiver applications of two petitioners (Alejandro Cruz and Marcela Aguilar), setting hearings to resolve evidentiary conflicts as to four petitioners and denying all other applications for waivers of court fees and costs.

---

[9] After the Superior Court filed its return, petitioners moved for an order permitting limited discovery, specifically including inspection of files in all recent cases in which applications for fee waivers were made under subdivision (a)(6)(C). We denied petitioners' motion.

## DISCUSSION

1. *Requests for Fee Waivers Pursuant to Subdivision (a)(6)(C) Must Be Individually Reviewed to Determine if It Is Appropriate to Grant Permission to Proceed In Forma Pauperis*

■ The right of an indigent civil litigant to proceed in forma pauperis is grounded in a common law right of access to the courts and constitutional principles of due process. (*Earls v. Superior Court* (1971) 6 Cal.3d 109, 113–114 [98 Cal.Rptr. 302, 490 P.2d 814] [indigents are entitled not merely to access to the courts but to timely access]; *Ferguson v. Keays* (1971) 4 Cal.3d 649, 653–655, 658, fn. 8 [94 Cal.Rptr. 398, 484 P.2d 70], [appellate courts possess inherent power to waive filing fees for indigents; applicant need not establish total destitution to qualify for in forma pauperis relief].) "[R]estricting an indigent's access to the courts because of his poverty . . . contravenes the fundamental notions of equality and fairness which since the earliest days of the common law have found expression in the right to proceed in forma pauperis." (*Isrin v. Superior Court* (1965) 63 Cal.2d 153, 165 [45 Cal.Rptr. 320, 403 P.2d 728].)

In *Haglund v. Superior Court* (1982) 139 Cal.App.3d 256, 259 [188 Cal.Rptr. 627], Division One of this court observed that the Legislature had acted "[i]n complete harmony with the concerns expressed by the Supreme Court in *Earls* and *Ferguson*" when it codified the right to proceed in forma pauperis by enacting section 68511.3 in 1979 and directed the Judicial Council to promulgate rules to enforce that right. "This statute provides specific terms and conditions under which an individual might be eligible to proceed in forma pauperis." (139 Cal.App.3d at p. 259.)

■ From the outset, in addition to mandating in forma pauperis status for litigants who received aid from specified government benefits programs or fell below 125 percent of the federal poverty line, section 68511.3 has directed the trial court to exercise its discretion to grant permission to proceed in forma pauperis "in any other instance in which . . . the litigant is unable to proceed without using money which is necessary for the use of the litigant or the litigant's family to provide for the common necessaries of life." (Former § 68511.3, Stats. 1979, ch. 850, § 1, pp. 2952–2953.) The Legislature's creation of this third, statutory category of litigants eligible for fee waivers codifies the principle, recognized in *Earls v. Superior Court, supra*, 6 Cal.3d 109, that an individual seeking timely access to the courts cannot be required to deny himself or herself necessities of life over a period of months to try to accumulate the amount necessary to defray the costs of filing and serving a lawsuit. "The adoption of such a concept could virtually eliminate relief in forma pauperis since it would be a rare case in which a

litigant could not deny himself necessities of life to save some sum over a period of months or years, and then file his action when he had saved the total amount necessary." (*Id.* at p. 117 ["Indigents are entitled not merely to access to the courts but to timely access."].)

The Superior Court acknowledges that, in denying each petitioner's applications for fee waivers because the income reflected on form 982(a)(17) exceeded 125 percent of federal poverty guidelines, it failed to perform its duty to exercise discretion to determine whether petitioners could pay court fees and costs without sacrificing the common necessaries of life for themselves or their families. The Superior Court has provided a satisfactory explanation for this error and acknowledges it must evaluate each request for a waiver of fees pursuant to subdivision (a)(6)(C) to determine if the application should be granted. There is no other evidence the Superior Court has a policy, either formal or informal, of denying all such applications simply because the litigant has an income that exceeds 125 percent of the federal poverty guidelines.

■ Nonetheless, from the record before us it appears the Superior Court may follow an informal practice of denying most, if not all, applications pursuant to subdivision (a)(6)(C) unless accompanied by a supplemental declaration "explaining why they should get a waiver." Any such all-inclusive requirement for additional documentation before considering the merits of an application pursuant to subdivision (a)(6)(C), other than applications from incarcerated litigants (see § 68511.3, subd. (e)(1)), would violate rule 985(a) ("No applicant shall be required to complete any form as part of his or her application under this rule other than forms adopted by the Judicial Council . . . .") and rule 985(b) ("Additional documentation of a litigant's financial condition shall be required only if the applicant failed to provide the information required by the application form or if the court has good reason to doubt the truthfulness of the factual allegations in the application.").[10] Accordingly, although we do not believe it necessary to include a specific prohibition of this practice in the writ we issue in this proceeding, to the extent the Superior Court imposes any blanket requirement for additional financial information in connection with subdivision (a)(6)(C) applications, it must cease doing so immediately. (See *Poe v. Gerstein* (1974) 417 U.S. 281 [41 L.Ed.2d 70, 94 S.Ct. 2247] ["the District Court properly refused to issue

---

[10] If a request for additional information is warranted under rule 985(b), the responsible county official must "(1) Inform the litigant of the information in the application that is insufficient or that the court believes may not be truthful; [¶] (2) Inform the litigant of the specific type or types of documentation the litigant is required to submit; [¶] (3) Require the litigant to submit only such documentation as the litigant has in his or her possession or that the litigant can obtain with reasonable efforts; and [¶] (4) Require the litigant to submit only such documentation as will clarify or prove the truthfulness of the factual allegations in the application." (Rule 985(b).)

the injunction; for there was 'no allegation here and no proof that respondents would not, nor can we assume that they will not, acquiesce in the decision . . . .' [Citation.]"].)

## 2. *The Superior Court Is Improperly Denying Subdivision (a)(6)(C) Fee Waiver Requests Without a Hearing*

■ Rule 985(f) requires the court to schedule a confidential hearing, with at least 10 days' notice, if "there is a substantial evidentiary conflict concerning the applicant's eligibility for in forma pauperis status . . . ." The Superior Court is correct in asserting this provision does not require a hearing in every case before denial of the application pursuant to subdivision (a)(6)(C), even though such a denial is necessarily grounded on a conflict between the applicant's sworn declaration that "[m]y income is not enough to pay for the common necessaries of life for me and the people in my family whom I support and also pay court fees and costs" (form 982(a)(17), line 7) and the trial court's determination that the applicant's income is sufficient for both purposes based on its assessment of the data on the form 982(a)(17): In some instances the financial information submitted by the applicant may conclusively demonstrate his or her lack of entitlement to a fee waiver without raising "a substantial evidentiary conflict."[11] Nonetheless, the denial on reconsideration without a hearing of all but six petitioners' applications demonstrates the Superior Court is employing an impermissibly narrow construction of the hearing requirement.[12]

### a. *It Is Improper to Deny a Subdivision (a)(6)(C) Fee Waiver Request Without a Hearing Simply Because an Applicant's Gross Monthly Household Income Exceeds Total Monthly Expenses or the Applicant Has a Small Savings Account*

■ On reconsideration following issuance of our order to show cause, the Superior Court denied the application for waiver of fees and costs of three related petitioners who live together, Maria Alicia Gonzalez, Blanca Estela Gonzalez and Rosa Angela Gonzalez, on the ground as to each that her

---

[11] If, for example, an applicant were to list a substantial monthly entertainment expense, based on its evaluation of the other income and expense items, the court might be able to conclude the applicant is not eligible for in forma pauperia status without first holding an evidentiary hearing.

[12] This is not the first time the Superior Court has denied indigent litigants in forma pauperis status without a hearing in violation of the requirements of rule 985(f). In *Simpson v. Superior Court* (2001) 92 Cal.App.4th Supp. 1, Supp. 6 [111 Cal.Rptr.2d 819], the Appellate Division of the Los Angeles Superior Court held the Superior Court had misapplied the law concerning applications for waiver of court fees and costs and had erred in failing to order a hearing to resolve a substantial evidentiary conflict concerning the applicant's eligibility for in forma pauperis status.

"household income is sufficient to pay common necessaries of life and court costs," and as to Maria and Blanca on the additional ground that "[a]pplicant also has $3,500.00 in cash."[13] Examination of the financial information submitted by these petitioners on form 982(a)(17), however, discloses that, although the three women show total monthly expenses on line 11(n) of $2,291 and total gross monthly household income on line 9(g) of $2,429 (a positive differential of $138), Maria has monthly payroll deductions of $131 and Blanca monthly payroll deductions of $270 that are not included in line 11(n).[14] The monthly household net income, therefore, is $268 *less* than monthly expenses—an income gap that will consume Maria and Blanca's $3,500 savings account in approximately 13 months, even assuming their family faces no emergency requiring extraordinary expenditures in excess of their normal budgeted expenses. (See *Earls v. Superior Court, supra,* 6 Cal.3d at p. 117 ["Even if we were to assume arguendo that petitioner can save $10 a month based on her present budget, it is not unlikely that she may be faced in subsequent months with some essential expenditures which will consume the amount she could otherwise set aside, thereby indefinitely postponing the time she can file her action."].)[15] The financial information presented would, on its face, appear to justify granting these petitioners' applications for waiver of court fees and costs, but in no event is denial of their requests without first holding a hearing warranted. (See *March v. Municipal Court* (1972) 7 Cal.3d 422, 429–430 [102 Cal.Rptr. 597, 498 P.2d 437] [imperative that procedures utilized in determining request to proceed in forma pauperis "guarantee that a denial of an [applicant's] motion will not be based on allegations to which he has not had the opportunity to respond"].)

■ Similarly, the Superior Court on reconsideration denied the applications of Arturo Canizales and his wife Edith Yolanda Canizales on the ground their "household income is sufficient to pay common necessities of life and court costs." Their applications show total gross monthly household income of $2,325 and totally monthly expenses of $1,854 (a positive differential of

---

[13] We refer to these related petitioners by their first names, not out of disrespect, but for purposes of clarity and convenience. (See *Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1136, fn. 1 [97 Cal.Rptr.2d 707].)

[14] As discussed above, form 982(a)(17) specifically directs the applicant not to include items identified as payroll deductions in listing monthly expenses. Revision of the form to include those expense items would seem appropriate.

[15] In a declaration filed with petitioners' reply memorandum, Maria Gonzalez explained the $3,500 in her savings account was the balance from $5,000 in emergency relocation benefits she received to help with the additional expenses of temporary shelter, moving and higher rent at a new apartment after she and her family were forced to leave her old apartment—the event that precipitated the underlying lawsuit against her landlord. The balance of the funds are being used to meet on-going monthly expenses in excess of her monthly income. Information of this type, essential for determining Maria's eligibility for in forma pauperis status, cannot be readily obtained by the bench officer evaluating the application unless a hearing is held pursuant to rule 985(f).

$471); but the couple also has monthly payroll deductions of $207 for Arturo and $152 for Edith, reducing their positive cash flow to only $112 per month. Such a slim monthly margin without additional resources to respond to emergency needs is, once again, an insufficient basis to deny a request for permission to proceed in forma pauperis without providing the applicants an opportunity to respond to the court's conclusion that they can, contrary to their sworn declaration, afford to pay fees and costs without sacrificing necessities of life. Unless monthly income exceeds expenses, including payroll deductions, by a significant amount (something more than $100 to $150 per month), the Superior Court's tentative conclusion that the applicant can afford to pay court fees and costs notwithstanding his or her contrary declaration, in our view, demonstrates "a substantial evidentiary conflict" requiring a hearing concerning the applicant's eligibility for in forma pauperis status under rule 985(f).

The applications of Josue Moises Mendez and his mother Maria G. Perez were also denied on reconsideration without hearing, Ms. Perez on the ground her household income is sufficient to pay common necessities of life and court costs; Mr. Mendez on the ground of sufficient income and also because he has $7,900 in savings and checking accounts. Yet this family's total monthly expenses, including payroll deductions, exceeds its monthly income by $581—a differential that, if it persists, will consume the accumulated savings in less than 14 months. Based on the information presented, a meaningful evaluation of the family's entitlement to a waiver of court fees and costs cannot possibly be made without giving Mr. Mendez and Ms. Perez the opportunity to explain their finances, including how they were able to create their existing savings accounts and the need they may have to use those resources in the near future.

 In sum, neither a monthly income that exceeds all monthly expenses by a small amount nor the existence of a modest savings account, whether considered alone or in combination, constitutes such compelling evidence of an applicant's ability to pay court fees and costs without sacrificing the necessities of life that denial of such an application without a hearing is justified.

> b. *It Is Improper to Deny a Subdivision (a)(6)(C) Fee Waiver Request Without a Hearing Based on the Judicial Officer's Ex Cathedra Determination the Applicant's Monthly Expenses Exceed Sums Required for "the Common Necessaries of Life"*

In his declaration filed with the Superior Court's return, the commissioner regularly responsible for deciding fee waiver requests provided two examples of substantial evidentiary conflicts requiring a hearing under rule 985(f):

(1) when he has "some doubt as to the legitimacy of the applicant's answers in the application"—presumably referring to sums listed as monthly income or expenses or to the number of individuals being supported by the applicant;[16] and (2) when the application fails to include income for a spouse although the form states the applicant's spouse is employed. As emphasized by counsel for the Superior Court at oral argument, however, neither the commissioner nor the court itself believes a hearing is required when the commissioner accepts as accurate the applicant's statement of monthly income and expenses but determines, based on his own experience and judgment, that the applicant is spending more for listed expense items (for example, clothing) than required for "the common necessaries of life"[17] and that the applicant's income and expenses are otherwise sufficient to pay court fees and costs. The Superior Court's interpretation of rule 985(f)'s hearing requirement is improperly constricted.

██ Every applicant for a fee waiver pursuant to subdivision (a)(6)(C) declares his or her income is insufficient to pay for the common necessaries of life and also pay court fees. Although the Superior Court may be correct that this statement is "conclusory," it erroneously dismisses it as a "formality simply serving to designate the provision under which the applicant is requesting a waiver." The sworn assertion that the applicant cannot afford court fees and costs without sacrificing necessary expenses is evidence before the court, just as the applicant's identification of his or her occupation and employer and the income and expense items listed on the form are evidence. (Cf. Evid. Code, §§ 800 [lay opinion testimony is permitted if rationally based on the witness's perception and helpful to understanding his or her testimony], 805 [opinion testimony that is otherwise admissible is not objectionable because it embraces the ultimate issue to be decided by the trier of fact].) The judicial officer's disbelief of the asserted need for a fee waiver creates an evidentiary conflict: In most instances—that is, unless the questioned amount is so plainly unreasonable that no explanation seems possible[18]—the applicant must be given an opportunity to respond to the

[16] If the court has good reason to doubt the truthfulness of the factual allegations in the application, rather than holding an evidentiary hearing, it may simply request additional documentation. (Rule 985(b).)

[17] Form 982(a)(17) includes preprinted line items for rent or house payment and maintenance, food and household supplies, utilities and telephone, clothing, laundry and cleaning, medical and dental payments, insurance, school and child care, child and spousal support from prior marriages, transportation and auto expenses, and installment payments. Line 11(m) permits the applicant to identify additional, unlisted expenses.

[18] Even under these circumstances, rather than simply denying an application for a fee waiver, the court should give the applicant an opportunity to complete item 12 on form 982(a)(17) to explain any items that appear to the judicial officer (although not necessarily to the applicant) to be unusually high. If the court thereafter denies the application, it must explain its reasons for doing so. (See *Earls v. Superior Court, supra*, 6 Cal.3d at p. 115 ["A

otherwise undisclosed assessment that he or she is spending more than necessary for food, clothing, housing or other "necessaries of life." (See *March v. Municipal Court, supra,* 7 Cal.3d at pp. 429–430.) To adopt the Superior Court's more restrictive interpretation of "substantial evidentiary conflict" would deprive rule 985(f)'s hearing requirement of any significance. (See generally *Rose v. Superior Court* (2000) 81 Cal.App.4th 564, 572 [96 Cal.Rptr.2d 843] ["Just as a theater critic must see the play before writing a review, judges must carefully consider the evidence before deciding a case. The lifeblood of our judicial institutions depends upon judges rendering decisions that are the product of a reasoned and objective view of the law and the facts."].)

## DISPOSITION

Let a peremptory writ of mandate issue, commanding respondent Los Angeles Superior Court to vacate its orders denying petitioners' fee waiver applications, made without first conducting an evidentiary hearing, and to enter new orders granting the affected applicants at least 10 days' written notice of an evidentiary hearing to determine their eligibility to proceed in forma pauperis under section 68511.3, subdivision (a)(6)(C).

Petitioners are entitled to recover their costs in this writ proceeding, which may include reasonable attorney fees pursuant to Code of Civil Procedure section 1021.5. (See, e.g., *Olney v. Municipal Court* (1982) 133 Cal.App.3d 455, 463–464 [184 Cal.Rptr. 78] [affirming fee award against municipal court]; *Rhyne v. Municipal Court* (1980) 113 Cal.App.3d 807, 823–827 [170 Cal.Rptr. 312].) Because this matter is an original proceeding in this court, we are unable to follow the usual practice of remanding petitioners' request for fees to the court in which the trial was held for the purpose of determining the propriety of an award of attorney fees or fixing the amount of those fees, if any are to be awarded. (See *Mack v. Younger* (1980) 27 Cal.3d 687, 689 [165 Cal.Rptr. 876, 612 P.2d 966]; *Planned Parenthood Affiliates v. Swoap* (1985) 173 Cal.App.3d 1187, 1202 [219 Cal.Rptr. 664].) Accordingly, unless the parties are able to agree within 20 days as to the appropriate amount of costs and fees, the matter may be submitted to this court on affidavits. (*Planned Parenthood Affiliates,* at p. 1202.)

Johnson, J., and Zelon, J., concurred.

On July 28, 2004, the opinion was modified to read as printed above.

---

statement of reasons for denial is essential not only to enable a prospective litigant to renew his application before the trial court if the defect can be corrected, but also to provide an appellate court with a basis for reviewing the trial court's denial."].)

# APPENDIX A

*— THIS FORM MUST BE KEPT CONFIDENTIAL —* 982(a)(17)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. (Optional)<br>E-MAIL ADDRESS (Optional)<br>ATTORNEY FOR (Name): | |

| NAME OF COURT:<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
|---|---|

| PLAINTIFF/ PETITIONER:<br>DEFENDANT/ RESPONDENT: | |
|---|---|

| APPLICATION FOR<br>WAIVER OF COURT FEES AND COSTS | CASE NUMBER |
|---|---|

I request a court order so that I do not have to pay court fees and costs.

1. a. ☐ I am *not* able to pay any of the court fees and costs
 b. ☐ I am able to pay *only* the following court fees and costs *(specify)*:

2. My current street or mailing address is *(if applicable, include city or town, apartment no., if any, and zip code)*:

3. a. My occupation, employer, and employer's address are *(specify)*:

 b. My spouse's occupation, employer, and employer's address are *(specify)*:

4. ☐ I am receiving financial assistance under one or more of the following programs:
 a. ☐ SSI and SSP: Supplemental Security Income and State Supplemental Payments Programs
 b. ☐ CalWORKs: California Work Opportunity and Responsibility to Kids Act, implementing TANF, Temporary Assistance for Needy Families (formerly AFDC)
 c. ☐ Food Stamps: The Food Stamp Program
 d. ☐ County Relief, General Relief (G.R.), or General Assistance (G.A.)

5. *If you checked box 4, you must check and complete one of the three boxes below, unless you are a defendant in an unlawful detainer action. Do not check more than one box.*
 a. ☐ *(Optional)* My Medi-Cal number is *(specify)*:
 b. ☐ *(Optional)* My social security number is *(specify)*:
 ☐☐☐ – ☐☐ – ☐☐☐☐ and my date of birth is *(specify)*:
 [*Federal law does not require that you give your social security number. However, if you don't give your social security number, you must check box c and attach documents to verify the benefits checked in item 4.*]
 c. ☐ I am attaching documents to verify receipt of the benefits checked in item 4, if requested by the court.
 [*See Form 982(a)(17)(A)* Information Sheet on Waiver of Court Fees and Costs, *available from the clerk's office, for a list of acceptable documents.*]

[*If you checked box 4 above, skip items 6 and 7, and sign at the bottom of this side.*]

6. ☐ My total gross monthly household income is less than the amount shown on the *Information Sheet on Waiver of Court Fees and Costs* available from the clerk's office.

[*If you checked box 6 above, skip item 7, complete items 8, 9a, 9d, 9f, and 9g on the back of this form, and sign at the bottom of this side.*]

7. ☐ My income is not enough to pay for the common necessaries of life for me and the people in my family whom I support and also pay court fees and costs. [*If you check this box, you must complete the back of this form.*]

| WARNING: You must immediately tell the court if you become able to pay court fees or costs during this action. You may be ordered to appear in court and answer questions about your ability to pay court fees or costs. |
|---|

I declare under penalty of perjury under the laws of the State of California that the information on both sides of this form and all attachments are true and correct.

Date:

▶

_____ _____
(TYPE OR PRINT NAME) (SIGNATURE)
(Financial information on reverse)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>982(a)(17) [Rev. January 1, 2001]

**APPLICATION FOR WAIVER OF COURT FEES AND COSTS**
**(In Forma Pauperis)**

Government Code
§ 68511.3

| PLAINTIFF/PETITIONER | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT· | |

## FINANCIAL INFORMATION

8. ☐ My pay changes considerably from month to month. [*If you check this box, each of the amounts reported in item 9 should be your average for the past 12 months.*]

9. **MY MONTHLY INCOME**
 a. My gross monthly pay is: . . . . . . . . . . . . $_____
 b. My payroll deductions are *(specify purpose and amount)*:
 (1) _____ $_____
 (2) _____ $_____
 (3) _____ $_____
 (4) _____ $_____
 My TOTAL payroll deduction amount is: $_____
 c. My monthly take-home pay is
 *(a. minus b.)*: . . . . . . . . . . . . . . . . . . . . . . $_____
 d. Other money I get each month is *(specify source and amount: include spousal support, child support, parental support, support from outside the home, scholarships, retirement or pensions, social security, disability, unemployment, military basic allowance for quarters (BAQ), veterans payments, dividends, interest or royalty, trust income, annuities, net business income, net rental income, reimbursement of job-related expenses, and net gambling or lottery winnings)*:
 (1) _____ $_____
 (2) _____ $_____
 (3) _____ $_____
 (4) _____ $_____
 The TOTAL amount of other money is: $_____
 *(If more space is needed, attach page labeled Attachment 9d.)*
 e. **MY TOTAL MONTHLY INCOME IS**
 *(c. plus d.)*: . . . . . . . . . . . . . . . . . . . . . . $_____
 f. Number of persons living in my home: _____
 Below list all the persons living in your home, including your spouse, who depend in whole or in part on you for support, or on whom you depend in whole or in part for support:

| Name | Age | Relationship | Gross Monthly Income |
|---|---|---|---|
| (1) _____ | ____ | _____ | $_____ |
| (2) _____ | ____ | _____ | $_____ |
| (3) _____ | ____ | _____ | $_____ |
| (4) _____ | ____ | _____ | $_____ |
| (5) _____ | ____ | _____ | $_____ |

 The TOTAL amount of other money is: $_____
 *(If more space is needed, attach page labeled Attachment 9f.)*
 g. **MY TOTAL GROSS MONTHLY HOUSEHOLD INCOME IS**
 *(a. plus d. plus f.)*: . . . . . . . . . . . . . . . . $_____

10. I own or have an interest in the following property:
 a. Cash . . . . . . . . . . . . . . . . . . . . . . . . . $_____
 b. Checking, savings, and credit union accounts *(list banks)*:
 (1) _____ $_____
 (2) _____ $_____
 (3) _____ $_____
 (4) _____ $_____

 c. Cars, other vehicles, and boats *(list make, year, fair market value (FMV), and loan balance of each)*:

| Property | FMV | Loan Balance |
|---|---|---|
| (1) _____ | $_____ | $_____ |
| (2) _____ | $_____ | $_____ |
| (3) _____ | $_____ | $_____ |

 d. Real estate *(list address, estimated fair market value (FMV), and loan balance of each property)*:

| Property | FMV | Loan Balance |
|---|---|---|
| (1) _____ | $_____ | $_____ |
| (2) _____ | $_____ | $_____ |
| (3) _____ | $_____ | $_____ |

 e. Other personal property — jewelry, furniture, furs, stocks, bonds, etc. *(list separately)*:
 $_____

11. My monthly expenses not already listed in item 9b above are the following:
 a. Rent or house payment & maintenance $_____
 b. Food and household supplies . . . . . . . . $_____
 c. Utilities and telephone . . . . . . . . . . . . . . $_____
 d. Clothing . . . . . . . . . . . . . . . . . . . . . . . . . $_____
 e. Laundry and cleaning . . . . . . . . . . . . . . $_____
 f. Medical and dental payments . . . . . . . . $_____
 g. Insurance (life, health, accident, etc.) $_____
 h. School, child care . . . . . . . . . . . . . . . . . $_____
 i. Child, spousal support (prior marriage) $_____
 j. Transportation and auto expenses
 (insurance, gas, repair) . . . . . . . . . . . . $_____
 k. Installment payments *(specify purpose and amount)*:
 (1) _____ $_____
 (2) _____ $_____
 (3) _____ $_____
 The TOTAL amount of monthly
 installment payments is: . . . . . . . . . . . . $_____
 l. Amounts deducted due to wage assignments and earnings withholding orders: $_____
 m. Other expenses *(specify)*:
 (1) _____ $_____
 (2) _____ $_____
 (3) _____ $_____
 (4) _____ $_____
 (5) _____ $_____
 The TOTAL amount of other monthly
 expenses is: . . . . . . . . . . . . . . . . . . . . . $_____
 n. **MY TOTAL MONTHLY EXPENSES ARE**
 *(add a. through m.)*: . . . . . . . . . . . . . . . . $_____

12. Other facts that support this application are *(describe unusual medical needs, expenses for recent family emergencies, or other unusual circumstances or expenses to help the court understand your budget; if more space is needed, attach page labeled Attachment 12)*:

**WARNING: You must immediately tell the court if you become able to pay court fees or costs during this action. You may be ordered to appear in court and answer questions about your ability to pay court fees or costs.**

982(a)(17) [Rev. January 1, 2001]

## APPLICATION FOR WAIVER OF COURT FEES AND COSTS
(In Forma Pauperis)