[S. F. No. 10983. In Bank.—February 7, 1927.]

GERTRUDE C. PENGELLY, Appellant, v. WILBERT
F. PENGELLY, Respondent.

[1] APPEAL—ORDER MODIFYING DIVORCE DECREE—CUSTODY OF CHILD—
MOOT QUESTION—DISMISSAL.—Where the interlocutory and final
decrees in a divorce action awarded the custody of a minor child
to the plaintiff and thereafter the court modified the decrees by
transferring the custody of the child to the defendant for a certain
period, an appeal from the modifying order will be dismissed where
it appears that the period for the changed custody has elapsed, the
question involved having become moot.

(1) 4 C. J., p. 575, n. 80; 19 C. J., p. 361, n. 31 New, 36.

APPEAL from an order of the Superior Court of the
City and County of San Francisco modifying an interlocu-
tory and final decree of divorce. Walter Perry Johnson,
Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

Joseph A. Brown for Appellant.

Timothy Healy for Respondent.

THE COURT.—This appeal was placed upon a special
calendar of this court upon an order to the respondent to
show cause why the judgment herein should not be reversed,
or that such order be made as might be meet in the
premises. At the time of the placing of said cause upon
said calendar, and the entry of said order, it appeared
that the appellant's brief had been filed· herein, but that
no brief on behalf of the respondent had been filed, al-
though the time for the filing of such brief under the
rules of this court had long since expired. It appears that
the appeal is from an order of the superior court in and
for the city and county of San Francisco modifying the
interlocutory and final decrees of divorce entered in the
above-entitled action. The custody of the minor child of the
parties was awarded to the plaintiff under said interlocutory

and final decrees. Thereafter and on October 30, 1923, the modifying order appealed from was made and entered. This latter order provided that the custody of said minor child be in the defendant for the period from November 1, 1923, to April 30, 1924. [1] It appears upon the face of the order complained of that the custody of said minor, theretofore exclusively in the plaintiff, was to be given to the defendant *only* for the six months' period designated therein and for no other period of time. Aside from the fact that the child has now reached an age when he might properly select his own guardian, an examination of the appellant's brief and the record reveals that the period of time within which the transfer of custody was to take place has long since passed by and the question presented herein has therefore become moot. Furthermore, such examination discloses that the trial court did not abuse its discretion in thus ordering a temporary transfer of custody of said minor and the appeal is, therefore, entirely without merit and is a frivolous appeal.

It is ordered that the appeal be and the same is hereby dismissed.