[Civ. No. 19907.   Second Dist., Div. Three.   May 21, 1954.]

CHARLENE BERNETTE JAMES, Respondent, v. ISAAC FISHER JAMES, Appellant.

A. Brigham Rose for Appellant.

Thomas G. Neusom for Respondent.

SHINN, P. J.—Appellant Isaac Fisher James was awarded an interlocutory decree of divorce from Charlene Bernette James upon his cross complaint, charging cruelty.  Findings were waived.  The appeal is from portions of the judgment which awarded household furniture to cross-defendant and ordered the real property which was the home of the parties

sold and the proceeds equally divided. There is no appeal from the award of an automobile to appellant or from the direction that he pay $50 per month for the support of the parties' child. Respondent has not filed a brief.

■ Upon the appeal it is contended that the household furniture was not entirely paid for and that it was error to award it to cross-defendant without attaching the condition that she must complete the payments. It appears to be assumed that appellant purchased the furniture on conditional sales contract and that he may be compelled to pay for it. The court stated that Mrs. James would have to make the payments but the decree contains nothing to that effect. If appellant is compelled to pay the unpaid balance and respondent gets the furniture appellant may have a just complaint, but it is not one to be considered on the present appeal. The record does not show that appellant is bound by contract to buy the furniture.

■ It is contended further that the real property stood in joint tenancy, was not shown to be community property, and that the court was without authority to order it sold and the proceeds divided. In presenting this point appellant quotes a paragraph of his answer which contains an equivocal and insufficient denial of the allegation of the complaint that an automobile, the furniture and the real property were community property. He fails to call our attention to the allegation of his cross complaint that "there is a community interest" in the automobile, the furniture and the real property which "will be determined at the time of trial." We shall be charitable and assume that the omission was due to carelessness. Although findings were waived the decree contains a finding that the real property was community property. Appellant has not directed attention to any evidence that it stood in joint tenancy and we find no such evidence. The community character of the property was admitted by the pleadings.

Upon this appeal little respect has been shown for the time of the court. Appellant's points have no merit whatever and respondent has not gone to the trouble of filing a brief.

There are too many civil appeals taken upon flimsy and unsupportable grounds. They delay the decision of appeals that require our serious consideration. It will be the policy of this court in the future to dismiss appeals which are

clearly without merit and which appear to have been taken merely for the purpose of delay. Also we shall regard with disfavor the failure of a respondent in any case to assist the court by means of an answering brief.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.