George Beisheim, Jr., J.
This is a replevin action brought to try the right of possession of certain furniture with the alleged value of $500 pursuant to CPLR article 71, ‘£ Recovery of Chattel ’ ’. Plaintiff moves by order to show cause for an order directing the Sheriff of Westchester County to enter the defendant’s apartment in Mount Vernon, New York, for the purpose of removing said furniture. On February 26,1969, plaintiff having complied with CPLR 7102 which provides for such removal when £ ‘ the plaintiff delivers to him an affidavit, requisition and undertaking ’ ’, the Sheriff, by his deputy, served the necessary papers and attempted to seize the chattels. The defendant refused to permit the Deputy Sheriff to enter her apartment. If the requisition, which is the mandate of the court (CPLR 7102, subd. [d]) had been executed, the statute directs the Sheriff to retain custody for three days and upon the expiration of that period to deliver the chattels to the plaintiff “if there has not, been served upon him either a notice of exception to the plaintiff’s surety, a notice of motion for an impounding order, or the necessary papers to reclaim the chattel ” (CPLR 7102, subd. [f]).
*489 From the papers, there would appear to be a bona fide dispute as to the ownership of the furniture.
CPLR 7103 provides that a chattel may be reclaimed from the Sheriff by a person claiming the right to its possession, by meeting certain requirements, one of which is an undertaking executed as required by CPLR 7102 (subd. [e]).
The defendant states that she is receiving public assistance from the Department of Social Services and, because of this factor and not having any assets, an undertaking could not be obtained.
It is the defendant’s contention that the requirement to post an undertaking invidiously discriminates against the defendant, a poor person, to deny her equal protection under the Federal and State Constitutions in that the removal of the chattels will grant plaintiff relief prior to an adjudication on the merits, as he is able to post an undertaking and she is not. She requests that she he permitted to retain possession of the chattels during the pendency of the action without posting an undertaking.
The basis of defendant’s theory is Jeffreys v. Jeffreys (58 Misc 2d 1045). The Jeffreys case is not in point hut, in any event, this court respectfully disagrees with the philosophical dicta in that decision. The court is bound to follow the mandate of the Legislature (CPLR, art. 71) in this action brought to try the right to possession of a chattel. Motion granted.