[L.A. No. 29788. In Bank. Apr. 27, 1971.]

KATHERINE FERGUSON, Plaintiff and Appellant, v.
LESLIE R. KEAYS, as Marshal, etc., Defendant and Respondent.

[L.A. No. 29789. In Bank. Apr. 27, 1971.]

PHYLLIS COLON, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
AUGUSTIN COLON, Real Party in Interest.

[L.A. No. 29790. In Bank. Apr. 27, 1971.]

LEWIS R. ROWE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
DARLENE ROWE, Real Party in Interest.

(Consolidated Cases.)

**COUNSEL**

Edward J. Owen, Thomas P. Burke, Morton M. Sider, Bennett Rolfe, Lauralea Trisler Saddick, Phillip C. Lancer, Daniel B. Wilen and Vester G. Brady for Plaintiff and Appellant in No. 29788.

Aaronson, Goar, Pfiffner, Wurthman & Caspe, Aaronson, Caspe & Goar and Philip L. Goar for Petitioners in Nos. 29789 and 29790.

John D. Maharg, County Counsel, Donald K. Byrne, Assistant County Counsel, John P. Farrell and Michael H. Dougherty, Deputy County Counsel, for Defendant and Respondent in No. 29788.

No appearances for Respondent and for Real Parties in Interest in Nos. 29789 and 29790.

Thomas C. Lynch, Attorney General, Warren J. Deering, Assistant Attorney General, Laurence R. Sperber and Michael A. Fischer as Amici Curiae.

**OPINION**

**BURKE, J.**—We ordered these three cases transferred to this court on our own motion (rule 28(a), Cal. Rules of Court) so that we might consider whether the Courts of Appeal have the authority to waive the $50 fee required under Government Code section 68926 for filing the record on appeal in a civil case or a petition for a writ within their original jurisdiction. ██ Upon a review of the applicable statutes and authorities, we have concluded that the Courts of Appeal and this court possess the inherent power to permit indigent civil litigants to seek appellate relief without the payment of the statutory filing fee, upon a satisfactory showing of indigence and a certificate of counsel attesting to the merits of the underlying action or appeal.

In each of the cases presently before us, an assertedly indigent applicant moved the Court of Appeal for relief from the $50 fee imposed by section 68926. In *Ferguson* v. *Keays,* applicant sought to appeal from the trial court's denial of mandate to compel recognition of a claim of exemption regarding certain items of personal property seized in the course of executing a writ of restitution (Code Civ. Proc., § 1174). In *Colon* v. *Superior Court,* applicant sought mandate from the Court of Appeal to compel the trial court to order the county to pay the necessary fees for publishing summons

in applicant's suit to dissolve her marriage. In *Rowe* v. *Superior Court,* applicant sought mandate to compel the trial court to furnish him, for use on appeal, a free transcript of proceedings which led to an order denying modification of child support payments.

Although several states and the federal government have enacted statutory provisions relieving indigents from various fees and costs at the trial or appellate level of civil litigation,[1] California has no such legislation. However, it was held in *Martin* v. *Superior Court,* 176 Cal. 289 [168 P. 135], that our trial courts have the inherent power, deriving from common law usage, to permit an indigent civil litigant to sue in forma pauperis.[2]

Subsequent California cases have followed *Martin* to the extent of recognizing an inherent power in the trial courts to waive various fees and costs on behalf of indigent litigants in civil actions. (See *Isrin* v. *Superior Court,* 63 Cal.2d 153 [45 Cal.Rptr. 320, 403 P.2d 728] (jury fees); *Majors* v. *Superior Court of Alameda Co.,* 181 Cal. 270, 276 [184 P. 18, 6 A.L.R. 1274] (jury fees); *Roberts* v. *Superior Court,* 264 Cal.App.2d 235, 241 [70 Cal.Rptr. 226] (bond on appeal to superior court); *Bank of America* v. *Superior Court,* 255 Cal.App.2d 575 [63 Cal.Rptr. 366] (cost bond); *County of Sutter* v. *Superior Court,* 244 Cal.App.2d 770, 775 [53 Cal. Rptr. 424] (cost bond); see also *Fuller* v. *State of California,* 1 Cal.App.3d 664 [82 Cal.Rptr. 78] (denying waver of cost bond on technical grounds); 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 215 et seq., pp. 1073-1078.)

On the other hand in *Rucker* v. *Superior Court,* 104 Cal.App. 683, 685 [286 P. 732], involving a request by an indigent for a free transcript on appeal, the court attempted to distinguish *Martin* v. *Superior Court, supra,* 176 Cal. 289, on the ground that "The ruling there made was based upon the rights of the courts of common law to admit to sue *in forma pauperis,* such poor persons as had not ability to pay the expenses incidental to the prosecution of actions to enforce their rights. It is not shown that this right

---

[1] See 4 American Jurisprudence Second, Appeal and Error, sections 345-351; 20 American Jurisprudence Second, Costs, sections 47-51; Silverstein, *Waiver of Court Costs and Appointment of Counsel for Poor Persons in Civil Cases,* 2 Valparaiso University Law Review, pages 21, 33-36. Silverstein states that "The in forma pauperis statutes vary widely among the states as to which levels of courts are covered. Appellate court fees may be waived in nine states, also in the federal courts. Courts of general jurisdiction are subject to the statutes in 24 states, the federal jurisdictions, and Puerto Rico." (P. 35.)

[2] Courts in other states have reached differing conclusions regarding the existence of an inherent power of the courts to waive fees and costs for indigent litigants. Compare *Sloatman* v. *Gibbons* (1969) 104 Ariz. 429 [454 P.2d 574], with *O'Connor* v. *Matzdorff* (1969) 76 Wn.2d 589 [458 P.2d 154], and *Casper* v. *Huber* (1969) 85 Nev. 474 [456 P.2d 436]. .

extended to appeals or writs of error. The right of appeal is a creature of written law, and finds its authority in the Constitution and statutes of the state. [Citation.]" The court in *Rucker* (p. 685) also pointed out that "there is no legal mode of requiring payment [for the transcription fees of the official reporter] . . . out of the public treasury." *Rucker's* holding has been followed in *Agnew* v. *Contractors Safety Assn.,* 216 Cal.App.2d 154, 156 [30 Cal.Rptr. 690], *Legg* v. *Superior Court,* 156 Cal.App.2d 723, 724-725 [320 P.2d 227], and *Kaufman* v. *Brown,* 106 Cal.App.2d 686, 688-689 [235 P.2d 632], each involving the cost of transcripts on appeal.

In the instant cases, we are not faced with the question whether indigents must be given funds by the county or some other source in order to pay transcript fees, publication costs, or other similar third-party charges.[3] Instead, we are solely concerned with the inherent power of an appellate court to waive its own filing fees to accommodate indigent civil litigants. That such power exists, and may be exercised in the absence of statutory provisions to the contrary, seems apparent from our review of the pertinent authorities.

As explained in *Martin* v. *Superior Court, supra,* 176 Cal. 289, 292-296, we must first ascertain whether the courts at common law had this power, for "The common law of England, so far as it is not repugnant to or inconsistent with the Constitution of the United States, or the Constitution or laws of this State, is the rule of decision in all the courts of this State." (Civ. Code, § 22.2.) ■ Although the *Rucker* case, *supra,* without citation of authority, questioned whether at common law the right to sue in forma pauperis extended to appeals or writs of error, several English cases prior to 1850 (when the common law was incorporated into our jurisprudence) had expressly recognized such a right. (See cases set forth in *Drennan* v. *Andrews* (Eng. 1866) 1 Ch.App. 300, 301, fn. 7.) On the basis of our research, and in the absence of any definitive authority to the contrary, we conclude that the common law courts possessed and exercised the power to permit indigents to appeal in forma pauperis.

■ The existence of such a power at common law, however, is not conclusive with respect to the question presently before us, for as suggested in *Martin,* the courts should only exercise those common law powers which are not otherwise repugnant to or inconsistent with our Constitution and statutes; inherent powers should never be exercised in such a manner as to nullify existing legislation or frustrate legitimate legislative policy. (176 Cal. at pp. 296-297.) ■ Therefore, we must examine the applicable statutory provisions to determine whether or not they disclose a

---

[3]Note, however, that this question is presented in the underlying mandate actions sought to be filed in *Colon* v. *Superior Court* and *Rowe* v. *Superior Court.*

legislative intent to deprive the appellate courts of their inherent power to permit indigents to appear in forma pauperis.

Prior to 1963, the filing fee in the Courts of Appeal was $10 for an appeal (former Gov. Code, § 69144), and $7.50 for an original proceeding (former Gov. Code, § 69147). In 1963, however, the Judicial Council recommended that these fees be increased to $50, stating: "Fees in the Supreme Court and District Courts of Appeal in civil cases serve both in helping to defray the cost of those courts and in the discouragement of unnecessary litigation. While the fees may historically have been sufficient to serve these purposes, they have not been substantially modified since 1895 and accordingly have not been adjusted to the quartering of the purchasing power of the dollar which has occurred since then. [Par.] . . . The Judicial Council believes that the time has arrived for a substantial increase in appellate court fees. The amount should be sufficient to compensate for the depreciation in the value of the dollar, and should be high enough so that frequent additional adjustments will not be needed in the future." (Judicial Council of California, Nineteenth Biennial Report to the Governor and the Legislature (1963) ch. 10, p. 45.)

The Legislature adopted the Judicial Council's recommendations and in 1963 added a new article to the Government Code entitled "Fees in the Supreme Court and District Courts of Appeal," and commencing with these two pertinent sections:[4]

Section 68926: "The fee for filing the record on appeal in a civil case appealed to a court of appeal is fifty dollars ($50) for each notice of appeal contained therein. The fee for filing a petition for a writ within the original civil jurisdiction of the Supreme Court or of a court of appeal is fifty dollars ($50). Such fees are in full for all services through the rendering of the judgment or the issuing of the remittitur or peremptory writ except the fee imposed by Section 68927."

Section 68927: "The fee for filing a petition for hearing in a civil case in the Supreme Court after decision in a court of appeal is twenty-five dollars ($25)."[5]

Further provisions require the clerk of the Supreme Court and the clerks of the Courts of Appeal to collect in advance the foregoing fees (Gov. Code, §§ 68847, 69143), which are to be paid to the state Treasury to the credit of the general fund, and provide that each clerk "is responsible and

---

[4]Statutes of 1963, chapter 873, section 3, as amended in minor respects by statutes 1967, chapter 17, sections 68-70.

[5]Under former Government Code section 68850, the fee for filing a petition for hearing was $2.50.

in his settlement with the Controller shall account for, and be charged with, the full amount of all fees collected or chargeable and accruing in the causes brought into the court for services rendered therein up to the time of each settlement." (Gov. Code, § 68846; see Gov. Code, § 69154.)

None of these various provisions pertains to the subject of the payment of filing fees by indigent persons; none expressly denies to the appellate courts the power to waive those fees. In these respects, the foregoing provisions are comparable to the general fee provisions analyzed in *Martin* v. *Superior Court, supra,* 176 Cal. 289, 297, as follows: "All of the statutes dealing with the payment and prepayment of fees . . . are general in their nature and have to do with the orderly collection and disposition of the fees, payment or prepayment of which is prescribed by law. Neither individually nor collectively are they even susceptible of the construction that the design of the legislature was to deny to the courts the exercise of their most just and most necessary inherent power. They have applicability to all cases where the court has not, in the exercise of that power, remitted the payment of the fees on behalf of a poor suitor, and in every instance the court's order to this effect is sufficient warrant to every officer charged with the collection of fees to omit the performance of that duty in the specified case."

Under article VI, section 6 of the California Constitution, the Judicial Council is empowered, among other things, to "adopt rules for court administration, practice and procedure, not inconsistent with statute." Thus, the Judicial Council could, in the exercise of its rule-making power, promulgate rules governing applications for in forma pauperis relief. Similarly, the Legislature, being entrusted with the responsibility of providing for the maintenance and operation of the appellate judiciary, has the authority to declare under what circumstances, and upon what terms and conditions, indigent litigants should be permitted free access to the appellate courts. However, until the Judicial Council or Legislature has spoken on the subject, the courts properly may exercise their inherent power to assure that the indigent litigant is given reasonable opportunity to obtain appellate relief.[6] As stated in *Martin* v. *Superior Court, supra,* 176 Cal.

[6]In view of our determination that the appellate courts have the inherent power to permit indigents to seek appellate relief in forma pauperis, we need not reach the question whether constitutional principles of due process or equal protection of the law would invalidate general fee legislation which has the effect of depriving indigents in ordinary civil cases of access to the courts. For cases and authorities in this developing area of the law, see *Boddie* v. *Connecticut,* 401 U.S. 371 [28 L.Ed.2d 113, 91 S.Ct. 780]; *Williams* v. *Shaffer,* 385 U.S. 1037 [17 L.Ed.2d 683, 87 S.Ct. 772] (Douglas, J. dissenting from den. of cert.); *Lee* v. *Habib* (1970) 424 F.2d 891 [137 App.D.C. 403]; *Brown* v. *Chastain* (5th Cir. 1969) 416 F.2d 1012, 1014 (dis. op.); *Frederick* v. *Schwartz* (D. Conn. 1969) 296 F.Supp. 1321; *Jeffreys* v. *Jeffreys,* 58

289, 294, "[I]mperfect as was the ancient common-law system, harsh as it was in many of its methods and measures, it would strike one with surprise to be credibly informed that the common-law courts of England shut their doors upon all poor suitors who could not pay fees, until parliament came to their relief. Even greater would be the reproach to the system of jurisprudence of the state of California if it could be truly declared that in this twentieth century, by its codes and statutes, it had said the same thing . . . ."

It is undeniable, of course, that filing fees and other litigation costs to some extent promote the legitimate purposes of providing financial support for our courts and discouraging frivolous or unnecessary litigation. Indeed, as we have seen, these considerations prompted the Judicial Council in 1963 to recommend a substantial increase in appellate filing fees. However, these broad policy considerations do not require us to deprive indigents of access to the appellate courts. Our courts are not powerless to prevent abuses from occurring and may impose reasonable conditions upon the exercise of their inherent power, to minimize the risk that the appellate system will be inundated with sham or frivolous appeals which unnecessarily expend judicial time and energy.

Thus, in *Martin* v. *Superior Court, supra,* 176 Cal. 289, 299, this court suggested that although it was not required by law, the courts may, in their discretion, call for a sufficient affidavit of merits or other form of satisfactory evidence before ordering an action to be commenced in forma pauperis. And in a subsequent case involving the same parties, *Majors* v. *Superior Court of Alameda Co., supra,* 181 Cal. 270, the court stated that judicial discretion in this area "should be exercised with a view to confine the privilege most strictly to those who, having a substantial right to enforce or preserve, are absolutely unable otherwise to so do, and who, once having been admitted to proceed *in forma pauperis,* diligently pursue a course free from unreasonable delay or vexatious conduct of any kind. . . . [Par.] [S]uch discretion should be used with the utmost care, to the end that unworthy persons who are neither indigent nor possessed of substantial rights may not enjoy this privilege." (Pp. 279-280.)

Misc.2d 1045 [296 N.Y.S.2d 74]; *Tamburro* v. *Trama,* 59 Misc.2d 488 [299 N.Y.S.2d 528]; *In re Karren* (1968) 280 Minn. 377 [159 N.W.2d 402]; *Chambers* v. *District Court of Dubuque County* (1967) 261 Iowa 31 [152 N.W.2d 818]; Note, *Litigation Costs: The Hidden Barrier to the Indigent,* 56 Geo.L.J. 516, 534-543; Willging, *Financial Barriers and the Access of Indigents to the Courts,* 57 Geo.L.J. 253; Note, *Discriminations Against the Poor and the Fourteenth Amendment,* 81 Harv.L. Rev. 435, 450-452; Note, *Developments in the Law—Equal Protection,* 82 Harv. L.Rev. 1065; Sager, *Tight Little Islands: Exclusionary Zoning, Equal Protection, and the Indigent,* 21 Stan.L.Rev. 767, 785-787.

Thus, there is ample precedent for requiring, as a condition to the grant of in forma pauperis relief, that each applicant establish to the court's satisfaction that he is in fact indigent and that his claim or defense is not wholly frivolous. ■■ With respect to applications for such relief at the appellate level, we believe that the applicant should, at a minimum, submit (1) the certificate of his counsel, declaring that he is familiar with the facts underlying the action or appeal, that in his opinion his client's contentions have merit, and that the action or appeal is brought in good faith and not for purposes of delay or harassment,[7] and (2) the declaration of the applicant, executed under penalty of perjury, stating that he is unable to pay the requisite filing fee without depriving himself or his dependents of the necessaries of life, and briefly setting forth the facts which disclose his indigence.[8]

■ Although the foregoing showing ordinarily would be sufficient to entitle an indigent applicant to proceed in the appellate courts in forma pauperis, we emphasize that the appellate courts possess the further inherent power to summarily dismiss any action or appeal which has as its object to delay, vex or harass the opposing party or the court, or is based upon wholly sham or frivolous grounds. (*Lierly* v. *McEwen*, 208 Cal. 645 [283 P. 943]; *Pengelly* v. *Pengelly,* 200 Cal. 381 [253 P. 323]; *James* v. *James,* 125 Cal.App.2d 417 [270 P.2d 538]; see 3 Witkin, Cal. Procedure (1954) Appeal, § 164, pp. 2354-2355.) ■ Moreover, the appellate courts have discretion to impose appropriate sanctions or penalties upon the parties or their attorneys, "Where the appeal is frivolous or taken solely for the purpose of delay . . . ." (Rule 26(a), Cal. Rules of Court.) We are confident that the availability of these sanctions will adequately protect the appellate system from frivolous litigation. It should go without saying that these sanctions must be evenly applied and equally imposed upon indigent and nonindigent alike, for as was recently noted by the United States Supreme Court, "there [is] no necessary connection between

---

[7] The certificate need not set forth the facts or contentions which underlie the action or appeal. However, as we explain *infra,* once the court has permitted the matter to be filed in forma pauperis, the court retains the power to dismiss as sham or frivolous any action or appeal on the basis of the record, evidence and briefs on file before it. Cf. *Draper* v. *Washington,* 372 U.S. 487, 499 [9 L.Ed.2d 899, 907, 83 S.Ct. 774]; *Coppedge* v. *United States,* 369 U.S. 438, 447-448 [8 L.Ed.2d 21, 29-30, 82 S.Ct. 917]; *Ellis* v. *United States,* 356 U.S. 674, 675 [2 L.Ed.2d 1060, 1061, 78 S.Ct. 974].

[8] We accept the view that the applicant need not establish total destitution in order to qualify for in forma pauperis relief. See *Adkins* v. *DuPont Co.,* 335 U.S. 331, 339-340 [93 L.Ed. 43, 48-49, 69 S.Ct. 85]; *Fuller* v. *State of California, supra,* 1 Cal. App.3d 664, 669; 2 Witkin, California Procedure (2d ed. 1970), *supra,* section 219, pages 1075-1076. Nevertheless, in view of the relatively modest sums required to file appellate actions, the applicant may be required to show more than that payment of the fee would be burdensome or inconvenient to him.

a litigant's assets and the seriousness of his motives in bringing suit. . . ." (*Boddie* v. *Connecticut, supra,* 401 U.S. 371, 381 [28 L.Ed.2d 113, 121, 91 S.Ct. 780].)

The question remains as to the disposition of the three cases presently before us. In each case, the applicant framed his request for in forma pauperis relief, and the Court of Appeal passed thereon, without the benefit of the standards and guidelines which we have established herein. In *Ferguson* v. *Keays,* the court denied the application for relief upon the ground that the trial court's decision was "obviously correct," indicating that the court made a preliminary determination of the merits of applicant's appeal. Such a determination would have been unnecessary, and indeed improper, had applicant's counsel executed a sufficient certificate of merits, and we believe that the applicant should be permitted to renew her request for relief, supplemented by an appropriate certificate of counsel. Our decision in this regard should not be considered as a determination that applicant's appeal has arguable merit, and we reserve to the Court of Appeal the sanctions and penalties hereinabove discussed should that court subsequently determine that applicant's appeal in fact was frivolous.

In *Colon* v. *Superior Court,* the court granted applicant's request for relief from the statutory filing fee. We have examined the application, and although it did not fully comply with the standards we have announced, the court did not abuse its discretion in granting relief.

Finally, in *Rowe* v. *Superior Court,* the court found applicant's request inadequate, but denied relief without prejudice to a renewed application setting forth certain additional matters. Any such renewed application should contain the indigence declaration and certificate of counsel referred to above.

Each of the above entitled causes are transferred to the Court of Appeal, Second Appellate District, Division 5, for further proceedings consistent with the views expressed herein.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.