Filed 9/26/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| C.S., | B251797 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BF036276) |
| v. | |
| W.O., | |
| Defendant and Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County, Christine Byrd, Judge. Reversed.

Sidley Austin, Mark E. Haddad and Francis S. Lam for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Los Angeles Center for Law and Justice, Sarah Reisman and Suma Mathai for Los Angeles Center for Law and Justice, American Civil Liberties Union of Southern California, Asian Americans Advancing Justice-Los Angeles, California Partnership to End Domestic Violence, Family Violence Appellate Project, Inner City Law Center, Legal Aid Association of California, Legal Aid Foundation of

Los Angeles, Public Counsel, and Western Center on Law and Poverty as Amici Curiae for Plaintiff and Appellant.

_____

Appellant C.S. submitted two applications for waiver of court fees and costs based on her receipt of public benefits. The trial court denied the applications, concluding in the exercise of its discretion that appellant was not entitled to such waiver because she received financial assistance from family and friends. Finding that appellant met the statutory requirements for a fee waiver and that the relevant statutes do not permit a court to deny a fee waiver to an applicant who meets such criteria, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant C.S. was involved in a family law dispute with her ex-boyfriend, W.O., over the custody of their daughter, H. In 2009, appellant requested and was granted a fee waiver that allowed her to participate in the family law proceeding without paying court fees.

A. *April 8, 2013 Order*

On March 4, 2013, trial to determine the custody issue began. Prior to trial, the court conducted a fee waiver hearing, and determined that appellant would not be required to contribute to the cost of having a reporter present. After the court rendered its decision on the custody issue, appellant, wishing to appeal, paid $1,000 to obtain an expedited reporter's transcript, apparently acting on the advice of a legal aid attorney.

2

On March 12, the court issued an order to show cause for "reconsideration of fee waiver," stating that appellant was to appear and show cause why the court should not revoke the waiver of court fees and order appellant to pay the expense of having had a court reporter present at the trial. On April 8, appellant appeared at the hearing and produced documents showing that she received SSI (Supplemental Security Income), and that she was also receiving benefits from CalWORKs and CalFRESH.[1] The court inquired about the source of the funds appellant had used to obtain the expedited reporter's transcript. Appellant explained that she had borrowed the $1,000 from her mother, her sister, and a friend, but stated she had no documentation to support that it was a loan. The court found that appellant "paid $1,000 for an expedited transcript and therefore does not qualify for a waiver of court fees." The April 8 order directed appellant to pay $191 as her share of the reporter's fees for the March 4 trial. The court informed appellant that if she desired a waiver of any future fees, she would have to reapply and submit any future requests for fee waivers directly to the department.

B. *August 9, 2013 Application*[2]

Four months later, on August 9, 2013, appellant filed a "Request to Waive Court Fees," form FW-001.[3] (See Cal. Rules of Court, rule 3.51 [application for

---

[1]    CalFRESH is the California version of the federal program known as Supplemental Nutrition Assistance Program (SNAP), formerly the Food Stamp Program. CalWORKS is short for California Work Opportunity and Responsibility to Kids, a welfare program that provides cash aid.

[2]    Appellant's brief refers to this application as the "August 5, 2013" application. The record indicates it was filed on August 9 and we refer to it by that date.

3

fee waiver "must be made on Request to Waive Court Fees (form FW-001)"],
italics omitted.) The form contained three boxes an applicant might check to
explain the basis for the request. The first was to be checked if the request was
based on receipt of various types of public assistance, including Medi-Cal, "Food
Stamps," SSI, and CalWORKs. The second was to be checked if the request was
based on the applicant's monthly income being less than certain specified amounts,
depending on the size of the applicant's household.[4] The third box was to be
checked if the applicant requested the waiver because he or she "d[id] not have
enough income to pay for [his or her] household's basic needs and the court fees,"
in which case the applicant could seek a complete waiver, a partial waiver, or the
option to pay court fees over time. (Italics omitted.) The form stated that if the
applicant had checked either the second or the third box, he or she was to fill out
the second page of the application, requiring more detailed information concerning
the applicant's monthly income and expenses.

Appellant checked the first box, and indicated she received Medi-Cal, Food
Stamps, and CalWORKs. She did not check the boxes indicating she sought a fee
waiver based on her gross monthly income or on a finding that she lacked
sufficient income to pay for both her basic household needs and her court fees.
She did not fill out page two of the application. In a separate typed attachment,

[3]  At the time, there was a hearing scheduled on a request for an order and a
request for modification. Form FW-001 states: "If you are getting public benefits,
are a low-income person, or do not have enough income to pay for household's
basic needs and your court fees, you may use this form to ask the court to waive all
or part of your court fees. The court may order you to answer questions about your
finances. If the court waives the fees, you may still have to pay later if: [¶] You
cannot give the court proof of your eligibility, [¶] Your financial situation
improves during this case, or [¶] You settle your civil case for $10,000 or more."
The form is signed under penalty of perjury.
[4]  For example, for a family of three, which apparently described appellant's
household, the maximum permitted monthly household income was $2,034.38.

4

however, appellant stated that she recieved SSI of $773.40 for her son and $538 in cash aid, as well as Food Stamps, and Medi-Cal. She also listed monthly living expenses, indicating they were in the $1,474 to $1,619 range. She stated that as her monthly living expenses exceeded the benefits she received, she "often h[ad] to rely on family and [her] boyfriend." In the separate attached statement, she asked that the court waive the $191 she had been charged in the April 8 order.

At a hearing on August 9, 2013, at which appellant was represented by the Los Angeles Center for Law and Justice, the court denied the request, finding that it was "in substance, a request for reconsideration of the [April 8, 2013 order]. According to C.C.P. section 1008, a request for reconsideration must be made within ten days; so this request is untimely. Furthermore, even if it were timely, the court notes that it does not show any new or different facts, circumstances, or law and, therefore, there's no basis for reconsideration. So the court denies the request for a fee waiver."[5]

C. *August 12, 2013 Application*

On August 12, 2013, appellant filed a form FW-002 entitled "Request to Waive Additional Court Fees (Superior Court)."[6] She stated that she sought waiver

_____

[5]   In its order of the same date, the court reiterated: "This request is for reconsideration of [the] April 8 order. Per CCP 1008, this request is untimely and also does not show any new or different facts, circumstances, or law."

[6]   Rule 3.51 states that "an application for an initial fee waiver under rule 3.56 must be made on a Request to Waive Additional Court Fees (Superior Court) (form FW-002)." Rule 3.56 applies to additional court fees and costs "that may be waived upon granting an application for an initial fee waiver, either at the outset or upon later application," including "[r]eporter's fees for attendance at hearings and trials . . . ." Form FW-002 states: "This form asks the court to waive additional court fees that are not covered in a current order. If you have not already received an order that waived or reduced your court fees, you must complete and file a

5

of the court reporter fees for an upcoming hearing, and that she was "currently receiving public assistance and cannot afford to pay for court reporter's fees." In an order dated August 12, the court denied the request without a hearing.[7] The order stated appellant was not eligible for the fee waiver because: "Party previously granted fee waiver but had undisclosed income. See order of 4-8-13."

On August 21, appellant filed a memorandum of points and authorities in support of her fee waiver request, seeking a formal hearing.[8] Appellant contended that the court "must grant" the request of an applicant who is receiving one or more of the specified public benefits. She further argued that the court's order of April 8 had no bearing on whether the current request should be granted. In connection with this filing, appellant submitted a declaration reasserting that she had borrowed the $1,000 to pay for the expedited reporter's transcript from her mother, her sister, and a friend. Appellant also stated that her receipt of public benefits required her to report any change in income in quarterly reports, which she regularly submitted. She further stated that "[e]ven with public aid, [she] often [had] to rely on [her] family and boyfriend to help [her] with things like clothes, shoes, food and toiletries because the public benefit [did] not cover all of [her] living expenses." Attached to her declaration were documents establishing her receipt of $773.40 per

Request to Waive Court Fees (Superior Court), form FW-001, along with this form." (Italics omitted.) Form FW-002 is also signed under penalty of perjury.

[7] No transcript for the August 12, 2013 hearing is in the record. According to the August 12 minute order, the court awarded sole legal and physical custody of the child to W.O., permitting appellant monitored visitation of two hours per week. The minute order reflects that appellant paid $191 for reporter's fees on that date.

[8] Appellant separately filed a form entitled "Request for Hearing About Court Fee Waiver Order (Superior Court)." On the form, appellant stated: "My only source of income is public assistance and I do not have any other source of income."

month from SSI, $563 from CalWORKs, and $323 in food assistance from CalFRESH.

Following an August 22 hearing, the court issued a statement of decision (SOD). In it, the court indicated it had not credited appellant's explanation that the funds she used to obtain the expedited reporter's transcript were borrowed because she had "provided no evidence other than her testimony." The SOD explained that the court had deemed the August 12, 2013 application a request to vacate or reconsider the prior order, governed by Code of Civil Procedure section 1008. The SOD explained that the court had denied the August 12 request because it was untimely, as it had not been filed within 10 days of the April 8 order and contained no new or different facts, circumstances or law. The SOD went on to state: "Even if [appellant's] request were not governed by C.C.P. §1008, it would be denied on the grounds of undisclosed income. [Appellant's] declaration in support of this request details the public assistance that she is receiving and, again, claims that the $1,000 was a loan from 'my mother, sister and a friend.' Again, however, she provides no evidence to substantiate her claim that the money was a loan . . . . Furthermore, her declaration demonstrates that she has other sources of income, i.e., that she 'often' receive[d] money from family and a boyfriend to supplement her public benefits. She never disclosed these funds in her application for a fee waiver. Under the circumstances, the Court finds that [appellant] has failed to disclose her true income and that her request for a fee waiver should be denied." In response to the argument that the court had no discretion to deny a fee waiver requested by a party receiving public assistance, the court stated: "In the abstract, that may be true. But the Court has the inherent power to exercise reasonable control of proceedings before it and the fact that [appellant] is receiving public benefits does not entitle her to be untruthful. Under the circumstance, the Court has the discretion to revoke her fee waiver."

7

On October 8, appellant noticed an appeal of the court's August 9, 2013 order, its August 12, 2013 order, and its August 22, 2013 order.

## DISCUSSION

"The right of an indigent civil litigant to proceed in forma pauperis is grounded in a common law right of access to the courts and constitutional principles of due process. [Citations.] '[R]estricting an indigent's access to the courts because of his poverty . . . contravenes the fundamental notions of equality and fairness which since the earliest days of the common law have found expression in the right to proceed in forma pauperis.'" (*Cruz v. Superior Court* (2004) 120 Cal.App.4th 175, 185, quoting *Isrin v. Superior Court* (1965) 63 Cal.2d 153, 165.) The process by which an indigent person gains access to the courts by applying for and obtaining a waiver of court fees and costs is governed by Government Code sections 68630 to 68641.[9]

Section 68632 provides: "Permission to proceed without paying court fees and costs because of an applicant's financial condition shall be granted initially to all of the following persons: [¶] (a) A person who is receiving public benefits under one or more of the following programs: [¶] (1) Supplemental Security Income (SSI) . . . (2) [CalWORKs] . . . (3) Food Stamps . . . (7) Medi-Cal." Section 68633, subdivision (a), provides that an applicant for an initial fee waiver under section 68632 subdivision (a) "shall complete under penalty of perjury, a Judicial Council application form" requiring the applicant to list only the following information: "his or her current street address, or another address where the court can contact the applicant, occupation, employer, and the type of public benefits that he or she is receiving."

---

[9] Undesignated statutory references are to the Government Code.

8

All applications for an initial fee waiver must be accepted for filing, and the clerk "shall not request that the applicant furnish information that is not required on the Judicial Council fee waiver application form." (§ 68634, subd. (b).) The applicant is not required at the time the application is submitted, "to provide documents supporting receipt of public benefits, to provide evidence of identity, to submit to interviews regarding the applicant's financial circumstances, to be physically present to file the application, or to fill out additional parts of the application form." (§ 68633, subd. (a).) However, the applicant for the initial fee waiver "shall be informed that, at a later date, the court may require proof of receipt of benefits or financial information to verify eligibility, as provided in Section 68636 . . . ." (*Id*., subd. (e).)

Section 68631 provides that "[a]n initial fee waiver shall be granted by the court at any stage of the proceedings at both the appellate and trial court levels if an applicant meets the standards of eligibility and application requirements under Sections 68632 and 68633." (See also § 68634, subd. (e) ["On review of an application for an initial fee waiver the court shall take the following actions, as applicable: [¶] (1) Grant the application if the information provided on the application establishes that the applicant meets the criteria for eligibility and application requirements set forth in Sections 68632 and 68633."].) Under section 68636, if, after granting the initial fee waiver, the court "obtains information . . . suggesting that a person whose fees and costs were initially waived is not entitled to a fee waiver, or that the person's financial condition has changed so that he or she is no longer eligible for a fee waiver," the court may require the person to appear and "provide reasonably available evidence, including financial

9

information, to support his or her eligibility for the fee waiver."[10] (§ 68636, subd. (b).) At any such hearing, the court "shall not require submission of information that is not related to the criteria for eligibility and application requirements set forth in Sections 68632 and 68633." (*Ibid*.)

Sections 68630 to 68641 became effective in 2009, replacing former section 68511.3, which required the Judicial Council to formulate and adopt rules providing that litigants who were receiving public benefits such as SSI, CalWORKs, and Food Stamps, be granted permission to proceed in forma pauperis. (Former § 68511.3, subd. (a)(6)(A); Stats. 1979, ch. 850, § 1, p. 2952.) Under former section 68511.3, the Judicial Council had adopted a rule of court, former California Rules of Court, rule 985, which stated that in forma pauperis applications, as fee waiver applications were previously known, "shall be granted and payment of [certain] court fees and costs . . . shall be waived if the applicant meets the standard of eligibility established by [former section 68511.3]." When these provisions were in effect, courts held that they were mandatory and did not grant trial courts discretion to deny a fee waiver where the applicant demonstrated receipt of public benefits. For example, in *Haglund v. Superior Court* (1982) 139 Cal.App.3d 256, the court concluded that although the provisions deprived trial courts of discretion with respect to in forma pauperis applications, this did not represent an illegal delegation of authority to administrators of the welfare programs. (*Id*. at p. 258.) The court found the provisions in harmony with the Supreme Court's decision in *Ferguson v. Keays* (1971) 4 Cal.3d 649 that "'the Judicial Council could, in the exercise of its rule-making power, promulgate rules

---

[10] In order to hold such a hearing, the court must give the applicant "no less than 10 days' written notice of the hearing and the specific reasons why the initial fee waiver might be reconsidered." (§ 68636, subd. (b).)

10

governing applications for in forma pauperis relief. Similarly, the Legislature, being entrusted with the responsibility for the maintenance and operation of the [] judiciary, has the authority to declare under what circumstance and upon what terms and conditions, indigent litigants should be permitted free access to the . . . courts.'" (*Haglund v. Superior Court*, *supra*,139 Cal.App.3d at p. 259, quoting *Ferguson v. Keays*, *supra*, 4 Cal.3d at p. 656, italics omitted.) Noting that the application form approved by the Judicial Council "d[id] not require that a welfare recipient provide detailed financial information," the court issued a peremptory writ of mandate directing the superior court to enter an order granting the application of a party who disclosed she was receiving AFDC (Aid to Families with Dependent Children) and Food Stamps, but provided no other information as to her monthly income or expenses. (*Id*. at pp. 258-259, fn. 1; accord, *Maldonado v. Superior Court* (1983) 143 Cal.App.3d 185, 186 [Court of Appeal issued peremptory writ of mandate compelling trial court to reverse its order denying an application for waiver of jury fees and costs "'[i]n the exercise of its discretion'" where applicant met eligibility requirements of former section 68511.3 by submitting declaration stating she was receiving AFDC benefits]; see *Cruz v. Superior Court*, *supra*, (2004) 120 Cal.App.4th at p. 185 [former section 68511.3 "mandat[ed]" in forma pauperis status for "litigants who received aid from specified government benefits programs"].)

The new provisions revise and recast former section 68511.3, and provide a specific hearing procedure to determine, postapplication, whether an applicant can provide evidence of meeting the statutory eligibility requirements.[11] However,

---

[11]     Under former section 68511.3, the court could "authorize the clerk of the court, county financial officer, or other appropriate county officer to require the litigant to appear before and be examined by the person authorized to ascertain the

11

nothing suggests the Legislature intended to grant trial courts discretion to deny the fee waiver application of an applicant who is receiving public benefits and can document that fact.[12] Section 68631 requires that the initial fee waiver be granted by the court if the applicant meets the standards of eligibility and the application requirements under sections 68632 and 68633. Section 68632 and 68633 require the court to initially grant permission to proceed without paying court fees and costs to all persons who have completed the Judicial Council application form attesting under penalty of perjury to receipt of public benefits such as Medi-Cal, Food Stamps, SSI, and CalWORKs. The Judicial Council form does not require applicants who receive the specified public benefits to provide income or expense information, and section 68634 prohibits the clerk from requesting information not required on the Judicial Council form.

Section 68636, subdivision (b) permits the court, "if [it] obtains information . . . suggesting that a person whose fees and costs were initially waived is not entitled to a fee waiver, or that the person's financial condition has changed so that he or she is no longer eligible for a fee waiver" to hold a hearing subsequent to the initial grant, at which time the applicant may be required to "provide reasonably available evidence, including financial information, to support his or her eligibility for the fee waiver." Although these provisions suggest a court may conduct an inquiry into the details of any applicant's financial situation, the statute further provides that the court may not "require submission of information that is not

_____

validity of his or her indigent status." (*Id*., subd. (d)(1), Stats. 2006, ch. 538, § 326, p. 4162.)

[12] Indeed, in a recent case involving a request for waiver of jury fees under the new provisions, the appellate division of the superior court stated: "Because defendant was the recipient of public benefits, he was entitled to have all fees waived . . . ." (*Kim v. De Maria* (2013) 218 Cal.App.4th Supp. 1, 4.)

related to the criteria for eligibility and application requirements set forth in Sections 68632 and 68633." (§ 68636, subd. (b).) Sections 68632 and 68633 do not require an applicant seeking waiver of court fees based on receipt of public benefits to submit information about income. Accordingly, the court must generally limit itself to inquiring about the genuineness of the claim of receiving such benefits.

Here, the court reasonably set a hearing when it obtained information that appellant had the wherewithal to pay a significant sum for the expedited hearing transcript, and required appellant to present evidence to support that she was a recipient of public benefits. Further inquiry revealed that appellant had received either a loan or a gift of $1,000, and that appellant regularly received assistance from friends and family to supplement the public benefits she received. None of this evidence suggested appellant was not, in fact, receiving public benefits.

The court denied the August 9, 2013 and August 12, 2013 fee waiver applications on procedural grounds, finding that they represented untimely requests to reconsider the April 8, 2013 order. This was true to the extent appellant sought reconsideration of the court's directive that she pay $191 for the expense of having a reporter at the March 4 hearing.[13] However, it is clear from the record that appellant also sought relief from the expense of paying reporter's fees for an upcoming hearing, and that she was assessed an additional $191 on August 12, 2013. Accordingly, the court erred in finding that appellant's August 9 and August 12, 2013 fee waiver applications were barred on procedural grounds.

Substantively, it is clear that appellant met the statutory requirements for obtaining a fee waiver. She stated in her applications, under penalty of perjury, that she was receiving the specified public benefits. In her written submission and

---

[13]     Appellant does not seek review of the April 8 order, as to which the time for appeal had passed by the time the instant notice of appeal was filed.

at the August 22 hearing, she provided documentation supporting this representation.  There is nothing in the court's orders or findings to suggest the court did not believe appellant was receiving public benefits.  The court was therefore required to grant appellant's applications for a fee waiver, and relieve her of the expense of paying for the court reporter and any other court fees or costs assessed after the date of the initial application.

## DISPOSITION

The August 9, 2013 order, the August 12, 2013 order, and the August 22, 2013 orders denying appellant's August 9, 2013 and August 12, 2013 applications for waiver of court fees and costs are reversed.  Each party is to bear its own costs on appeal.

**CERTIFIED FOR PUBLICATION**

MANELLA, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.

14