Filed 1/18/22  Ergur v. Trowbridge CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KORAY ERGUR,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>JEFFERY D. TROWBRIDGE,<br><br>        Defendant and Respondent. | A163845<br><br>(San Francisco City & County Super. Ct. No. CGC-21-592041) |

Koray Ergur, appearing in propria persona, sued Jeffery Trowbridge with a 252-page complaint seeking $13.5 quadrillion in damages for a series of alleged conspiracies and crimes Trowbridge and his family committed over the course of human history.  Trowbridge, an attorney who had some years earlier secured the dismissal of a complaint Ergur brought against Trowbridge's clients, moved to dismiss Ergur's complaint as a strategic lawsuit against public participation (SLAPP).  After the trial court granted the motion and dismissed Ergur's complaint with prejudice, Ergur appealed.  Trowbridge now moves to dismiss Ergur's appeal as frivolous.  We dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2016 judicial proceedings, Trowbridge represented several parties sued by Ergur and obtained for them a dismissal of Ergur's claims with prejudice.  Ergur appealed the dismissal in Case No. A150477.  By order of

1

this court, we dismissed Ergur's appeal for his failure to file a brief in conformity with the California Rules of Court and for his failure to advance any pertinent or intelligible legal argument, after giving him an opportunity to cure its defects and he failed to do so.

In 2021, Ergur appearing in propria persona sued Trowbridge. According to Trowbridge, he has no connection to Ergur other than the 2016 representation, and the instant lawsuit was the product of "some sort of grudge" against him. Ergur's complaint was a purported class action complaint for "civil and criminal penalties damages. For total ownership & stewardship of whole earth. Benefit of 'We, the people of the earth.' 'The assignees & beneficiaries' (people estimated worldwide 7.8B)."[1] At 252 pages, the complaint alleged Trowbridge was "born into the royal class" and was a "well connected criminal royalty mafia member" whose family roots "can be easily traced back literally 1000 plus years into the Imperial Patrician Roman Empire Eras." He further alleged the "Dynasty of Trowbridge's Family Members" committed "all types of violations, endless and bottomless greed's, crimes, frauds." These included "Colonizing, Slavery, Human, Opium, Heroin, Trafficking, and Robbing the entire world today;" destroying Ergur's court records and evidence; and stealing Ergur's patents "a/k/a 'The Internet.' " In his prayer for relief, Ergur requested among other things a declaration that profits and property possessed by Trowbridge were obtained through "systematic persecution, extermination, deportation, torture, force, and murder violated international . . . law" and $13.5 quadrillion. An additional prayer included "one faith for all," "one equal justice for all," "one currency," "one alphabet, one language for all," and a "Constitution" and

---

[1]     Ergur's complaint also named Wei-Shing Su as a defendant. Trowbridge asserts he has no connection to Su.

2

"Manifesto" to be written "by/for/all We The People of The Earth" as further sought-after relief.

Trowbridge filed a special motion to strike the complaint pursuant to the anti-SLAPP statute (Code of Civ Proc., § 425.16). The trial court granted the motion and dismissed Ergur's entire complaint with prejudice as to Trowbridge. In so doing, the court found that based on a number of cases, Trowbridge's actions as an attorney in the 2016 judicial proceedings for Ergur's litigation adversaries arose from protected activity under Code of Civil Procedure section 425.16, and that Ergur had failed to establish the probability of prevailing on any of his claims to overcome dismissal.[2] It also concluded Trowbridge's activities were protected by the absolute litigation privilege in Civil Code section 47, subdivision (b). The court observed Ergur's claims were "not cognizable as a matter of law or even intelligible," and that his opposition to Trowbridge's motion contained "no coherent argument." It also denied Ergur's request for judicial notice of nearly 4,000 pages of "unauthenticated and irrelevant documents regarding the entire sweep of human history from Abraham to the present day."

Ergur appealed the dismissal order. After being advised he was in default for failing to procure the record, Ergur filed a notice designating the record on appeal requesting the preparation of a clerk's transcript containing more than 13,000 pages of exhibits. Trowbridge asserts he made several

---

[2] "Resolution of an anti-SLAPP motion involves two steps. First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success. . . . As to the second step inquiry, a plaintiff seeking to demonstrate the merit of the claim 'may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence.' " (*Sweetwater Union High School Dist. v. Gilbane Building. Co.* (2019) 6 Cal.5th 931, 940.)

3

requests to Ergur to abandon his appeal and advised him frivolous appeals might subject him to further sanctions.

In response to Ergur's election to maintain his appeal, Trowbridge has moved to dismiss it. Ergur has submitted written opposition to the motion. To date, no record of the trial court proceeding has been filed with this court, and Ergur has yet to file his opening brief.

## DISCUSSION

Trowbridge contends Ergur's appeal should be dismissed because his "fantastic, delusional and fanciful allegations . . . fall unquestionably into the category of frivolous cases where the Court of Appeal can and must act to stop the offending harassment and vexatious activity of Ergur." We agree dismissal of Ergur's appeal as frivolous is appropriate.

Appellate courts have the "inherent power to summarily dismiss any action or appeal which has as its object to delay, vex or harass the opposing party or the court, or is based upon wholly sham or frivolous grounds." (*Ferguson v. Keays* (1971) 4 Cal.3d 649, 658; *In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 516 (*Gong*) ["California courts have the inherent power to dismiss frivolous appeals."].) "An appeal is frivolous 'only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit.' " (*Ibid.*)

Here, the limited excerpts from Ergur's complaint included with Trowbridge's motion provide sufficient grounds to conclude Ergur's appeal is frivolous. The allegations in the complaint evince harassment. They are replete with invective and ad hominem personal attacks on Trowbridge and

4

his relatives, as described above. His appeal, which seeks to restore this complaint, functions to extend this harassment.

In addition, under the reasonable attorney standard (see *Gong*, *supra*, 163 Cal.App.4th at p. 516.), it is not difficult to conclude even at this stage that the appeal lacks merit. In his opposition to the motion to dismiss, Ergur does not dispute Trowbridge's contention that the only connection between the two was from the 2016 judicial proceedings in which Trowbridge was opposing counsel. Nor does he identify what, if any, cognizable legal claims his complaint asserts against Trowbridge. Even assuming there is a cognizable claim in his complaint, he fails to preview or offer any reasoned argument or analysis that he has a probability of prevailing on the claim. He also does not bother to address any of the grounds on which the trial court dismissed his case. Based on these deficiencies in the context of the multiple authorities cited by the trial court establishing that the anti-SLAPP statute protects lawyers sued for litigation-related speech and activity (see, e.g., *Thayer v. Kabateck Brown Kellner LLP* (2012) 207 Cal.App.4th 141, 154), we conclude no reasonable attorney would consider Ergur's appeal meritorious. (*Cf. People ex rel. Lockyer v. Brar* (2004) 115 Cal.App.4th 1315, 1318–1319 (*Lockyer*) [dismissing appeal of order on anti-SLAPP motion as frivolous based in part on statute exempting actions brought by public prosecutors from SLAPP motions].)

In his opposition, Ergur describes Trowbridge's motion to dismiss as "bogus," disputes Trowbridge's claims of success in the 2016 case, and asserts he does not carry a grudge against Trowbridge from that experience. However, he provides no grounds in his opposition to compel us to deny the motion to dismiss, or even to defer our ruling until we consider the merits of his appeal following full briefing. In response to Trowbridge's claim that his

5

complaint is fantastical and delusional, Ergur says that his complaint is backed up by "more than 100% solidly supported, backed unchallengeable, undeniable, not refutable, facts, 14,886-page solid backup pieces of evidence, exhibits." There is no discussion, however, about what those documents are, how they bear on his claims against Trowbridge, or how they establish a probability that he will prevail on those claims. Instead, much of his opposition is filled with more invective for Trowbridge which he extends to judicial officers, whom he subjects to a series of unsubstantiated and vicious attacks.

Ergur's principal legal argument against Trowbridge's motion to dismiss is his assertion that he is not a vexatious litigant within the meaning of Code of Civil Procedure section 391. However, Trowbridge's motion does not ask this court to declare Ergur vexatious.[3] And our decision is in no way based on whether Ergur is a vexatious litigant but rather on the frivolousness of Ergur's appeal, which provides sufficient grounds for dismissal.

We are cognizant that our "power to dismiss an appeal must be used with extreme rarity" (*Lockyer*, *supra*, 115 Cal.App.4th at p. 1319) and that " 'in all but the clearest cases it should not be used.' " (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) "One of the reasons that the power to dismiss an appeal must be used with extreme rarity is that determination of whether an appeal is frivolous entails at least a peek at the merits—if not, as

---

[3]     Ergur asks us to "incorporate" two documents into the record for the motion: (i) Ergur's opposition to a motion brought by Trowbirdge's co-defendant, Su, to declare Ergur a vexatious litigant; and (ii) the opinion in *John v. Superior Court* (Nov. 10, 2014) Case No. B256604, which involves application of the vexatious litigant statute. Construing these as requests for judicial notice, we deny the requests as the documents are unnecessary to resolve the issues before us.

is usually the case, a thorough review of the record—and, having taken that look, the appellate court is in a position to affirm whatever was appealed rather than dismiss the appeal." (*Lockyer*, at p. 1319.)  Here, any review of the complaint clearly reveals it to be harassing and Ergur's inability to even preview an intelligible argument to defend his complaint further underscores its lack of merit.  We see no need to spend further limited judicial resources on such an appeal.

**DISPOSITION**

The appeal is dismissed.  Trowbridge is awarded costs on appeal.

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Rodríguez, J.

*Ergur v. Trowbridge/A163845*

8