Filed 3/20/24  Schwartz v. Noya CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SCOTT SCHWARTZ,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DAVID NOYA,<br><br>    Defendant and Respondent. | 2d Civil No. B329331<br>(Super. Ct. No. 56-2019-00535641-CU-PO-VTA)<br>(Ventura County) |

We have the inherent power to dismiss an appeal where it is "based upon wholly sham or frivolous grounds." (*Ferguson v. Keays* (1971) 4 Cal.3d 649, 658.)  This is a fair description of this purported appeal.  In our discretion, we elect not to dismiss the appeal.  The rules on appeal are well known to counsel.[1]  We recently restated these rules.

---

[1] Respondent does not move for dismissal of the appeal.  He says that appellant's contentions are waived by failure to comply with the rules on appeal.  Respondent is correct.

"'[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.]' [Citation.] 'This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record. [Citations.]' [Citation.] Accordingly, the California Rules of Court expressly require appellate briefs to '[s]tate each point . . . and support each point by argument and, if possible, by citation of authority' and to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.' [Citation.] [¶] 'It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness.' [Citation.] Nor are we 'required to search the record on [our] own seeking error.' [Citation.] Consequently, '[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citation.]' [Citation.] Likewise, '"[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]" [Citations.]' [Citation.] These rules apply both to parties represented by counsel and self-represented parties. [Citation.] 'A party proceeding in propria persona "is to be treated like any other party and is entitled to the same, but no

greater consideration than other litigants and attorneys." [Citation.]'" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619-620.)

In his statement of the case, appellant says: "A complaint was filed in December of 2019 against the [respondent] alleging that, with willful disregard and reckless intent, did cause an accident on the 405 freeway. Then sometime later assaulted the [appellant] when he attempted to obtain the [respondent's] insurance information. Then due to the [trial] court's intervention, [appellant] was unable to present [his] case evidence of what actually happened. Resulting in an unjust verdict."

In his argument, appellant says: "I was brought to the Ventura County Superior Court by AAA auto insurance in like 2006. AAA used a DMV database of 'unclaimed accidents' to manufacture a case against me. With a car they had in impound. The Ventura County Superior Court put on a 'sham' trial in a back room down the end of the hall. Used a single question. 'Statement of admissions document.' Drawn up to look and act a 'confession.' To find me liable. This was a crime." [¶] This case involves the third time I have been wrongfully arrested in my life because people lie. Police are inept, and courts are corruptible. [¶] The grounds for appeal in this case is the record."

*Conclusion*

We have read and considered appellant's opening brief which violates all of the rules on appeal. It has three pages of text. There are no citations to any legal authorities and only three references to the record. Appellant's brief tells us that he sincerely believes that he did not prevail at his jury trial because the defense witnesses perjured themselves and the trial court committed misconduct. The jury, by special verdict, said that

3

respondent did not threaten to touch appellant and determined did not intend to harm or offend him. This translates to a factual finding that the jury did not credit appellant's testimony. His brief is a conclusion. It does not support appellant's prayer for reversal and a new trial.

The judgment is affirmed. Respondent shall recover his costs on appeal.

<u>NOT TO BE PUBLISHED.</u>


YEGAN, J.


We concur:



GILBERT, P. J.



BALTODANO, J.

4

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

Scott Schwartz, in propria persona, for Plaintiff and Appellant.

Tharpe & Howell and Eric B. Kunkel, for Defendant and Respondent.