Filed 8/7/13

# TO BE PUBLISHED IN THE OFFICIAL REPORTS

This opinion has been certified for publication in the Official Reports. It is being sent to assist the Court of Appeal in deciding whether to order the case transferred to the court on the court's own motion under rules 8.1000-8.1018.

## CERTIFIED FOR PUBLICATION

### APPELLATE DIVISION OF THE SUPERIOR COURT

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| CHUNKANG KIM, | No. BV 030068 |
| Plaintiff and Respondent, | Van Nuys Trial Court |
| v. | No. 12B00562 |
| JOHN DE MARIA, | |
| Defendant and Appellant. | **OPINION** |

APPEAL from a judgment of the Superior Court of Los Angeles County, Van Nuys Trial Court, Richard F. Walmark, Judge. Reversed.

Noel Weiss for Defendant and Appellant.

Dennis P. Block & Associates and Dennis P. Block for Plaintiff and Respondent.

\*          \*          \*

This is an appeal by defendant and tenant John De Maria from the judgment entered in favor of plaintiff and landlord Chunkang Kim following an unlawful detainer court trial. Defendant seeks relief on the grounds that the court erred by denying him the right to a jury trial and by finding that his tenancy was not subject to the Los Angeles Rent Stabilization Ordinance (LARSO).[1] In addition, defendant contends that the court's finding that the eviction

---

[1]Los Angeles Municipal Code sections 151.00-151.30.

was not discriminatory is not supported by substantial evidence. As explained below, we reverse on the first ground without reaching the remaining contentions.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an amended complaint alleging that defendant, after being served with a 60-day notice, failed to vacate the premises located at 20314 Runnymede Street, #3, Canoga Park, 91306. Defendant filed an answer and asserted, inter alia, that the tenancy was illegal because plaintiff rented single rooms in a single family dwelling in violation of LARSO; that he was entitled to relocation benefits; and that he was being evicted because he was afflicted with AIDS.

On February 8, 2012, and using Judicial Council of California-approved forms, defendant filed a Request to Waive Court Fees (FW-001) and an Order on Court Fee Waiver (Superior Court) (FW-003). Defendant did not submit a Request to Waive Additional Court Fees (Superior Court) (Form FW-002). Both of defendant's forms were typed. The FW-001 form is two-pages and primarily seeks financial information from the applicant. Defendant signed the FW-001 form under penalty of perjury indicating that he received Medi-Cal, SSI (Supplemental Security Income), and SSP (State Supplementary Payment), and that his total monthly income was $862. He checked the box indicating that he was seeking a waiver of superior court fees and costs.

The FW-003 form is also a two-page document. Thereon, there are boxes to check whereby the court indicates the action that it takes on the request. The top of the first page has spaces for the names of the applicant and his/her attorney. The middle portion of the first page has a line that reads: "All checked boxes are court orders." Listed thereunder are the three categories of various fees that the court may waive. Only the first and second categories are relevant to this appeal. In submitting the order for the court's signature, defendant pre-checked the boxes indicating that the court was granting his "Fee Waiver," and "Additional Fee Waiver." The "Additional Fee Waiver" included the jury fees and expenses.

The clerk who signed defendant's FW-003 form placed handwritten "X" marks on the following boxes: "Request to Waive Court Fees," "The court **grants** your request, as follows"

2

(original bolding), and "Fee Waiver." No "X" mark was placed on the boxes for "Additional Fee Waiver," "Jury fees and expenses," or "Reporter's daily fees." On the second page of the form, none of the boxes were checked indicating that defendant's request had been denied. The request was signed by the clerk and dated February 8, 2012.

On February 21, 2012, the clerk mailed to the parties notice of a March 9, 2012 non-jury trial date. On February 24, 2012, defendant filed a "Request for Jury Trial" and indicated therein that jury fees and expenses had been waived as reflected in the attached court order. The February 8, 2012 order signed by the clerk was attached to defendant's request for jury trial.

On March 9, 2012, the parties were in court for trial. The court denied defendant's oral motion for a jury trial on the ground that he failed to timely pay jury fees. The trial was trailed to March 12, 2012. On that date, defendant filed a request for reconsideration of the order denying him the right to a jury trial. The request was denied, and the cause proceeded to a court trial wherein plaintiff prevailed and received a judgment that included possession of the premises.

DISCUSSION

We find meritorious defendant's contention that the trial court erroneously denied him the right to a jury. Unless waived, there is a right to a jury trial in an unlawful detainer matter. (Cal. Const., art. I, § 16; Code Civ. Proc., §§ 592, 1171.) As is pertinent to this appeal, a waiver may occur either by the failure to timely demand a jury trial, or by the failure to timely deposit jury fees with the clerk or judge. (Code Civ. Proc., § 631, subd. (d)(4) & (5).) Defendant's demand for a jury trial was timely because it was made within five days after notice of the trial setting date. (Code Civ. Proc., § 631, subd. (d).) Likewise, because defendant obtained a waiver of jury fees, he was not required to deposit the $150 advance jury fees five days before the date set for trial. (Code Civ. Proc., § 631, subd. (b).)

3

The process for applying for and obtaining a fee waiver is governed by Government Code sections 68630-68641[2] and California Rules of Court, rules 3.50 to 3.58. Because defendant was the recipient of public benefits, he was entitled to have all fees waived including jury fees and expenses. "Permission to proceed without paying court fees and costs because of an applicant's financial condition shall be granted initially to . . . [¶] . . . A person who is receiving public benefits under one or more of the following programs: [¶] . . . Supplemental Security Income (SSI) and State Supplementary Payment (SSP) . . . ." (Gov. Code, § 68632.)

California Rules of Court, rule 3.51 requires that a person seeking an initial fee waiver of the items listed in rule 3.55 use form FW-001, and requires that a person seeking a waiver of the additional court fees listed in rule 3.56 use form FW-002. Jury fees and expenses are found in rule 3.56. An initial fee waiver is defined in rule 3.50 as follows: " 'initial fee waiver' means the initial waiver of court fees and costs that may be granted at any stage of the proceedings and includes both the fees and costs specified in rule 3.55 and any additional fees and costs specified in rule 3.56." Rule 3.56 lists the additional court fees and cost for which waiver may be granted pursuant to application for an initial fee waiver, either at the outset or upon a later application.

Thus, under the Rules of Court, an "initial fee waiver" can include a request for an additional fee waiver. Accordingly, defendant was entitled to seek a waiver of the jury fees and expenses at the outset when he was seeking a waiver of the fees that would allow him to file his answer at no cost. In preparing the order for the court's signature, defendant checked all the boxes that related to what he was seeking. The clerk was authorized to grant defendant's application. (Gov. Code, § 68634, subd. (d).) The clerk lacked the authority, however, to either deny or partially grant defendant's application. (*Ibid.*) Thus, the signing of the order by

---

[2]Government Code section 68641 requires the Judicial Council to adopt rules and forms in order to establish uniform procedures for implementing the fee waiver statutes.

4

the clerk constituted a grant of defendant's request, and the trial court erred when it denied defendant the right to a jury trial.

## DISPOSITION

The judgment is reversed. Appellant to recover costs on appeal.

_____
P. McKAY, P. J.

WE CONCUR.

_____
KUMAR, J.

_____
KEOSIAN, J.

5