Filed 2/24/15  Ingelson v. Imgelson CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ERIC P. INGELSON,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>STEVEN G. INGELSON,<br><br>    Defendant and Respondent. | B252310<br><br>(Los Angeles County<br> Super. Ct. No. SC102251) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard A. Stone, Judge.  Affirmed.

Eric P. Ingelson, in pro. per., for Plaintiff and Appellant.

Law Offices of Rosenthal & Associates and Lisa F. Rosenthal for Defendant and Respondent.

## INTRODUCTION

Plaintiff and appellant Eric Ingelson appeals from a judgment entered following a jury verdict in favor of his twin brother, defendant and respondent Steven Ingelson, on Eric's cause of action for fraud arising out of Steven's failure to pay back a $100,000 loan.

Eric first contends that the trial court erred in denying his request for a waiver of court reporter fees for the trial, which prevented him from being able to order a transcript of the trial proceedings. Because Los Angeles County superior courts no longer provide official court reporters for civil trials, however, the trial court did not abuse its discretion in denying a waiver of fees for a reporter.

Eric further contends that the trial court should have granted his motion for a new trial, because the court deprived him of a fair trial by: (1) excluding relevant evidence; (2) admitting evidence that Steven had not turned over in discovery; (3) omitting jury instructions requested by Eric; and (4) admonishing Eric, who represented himself at trial, in front of the jury. He also contends that the trial court should have granted his motion for a judgment notwithstanding the verdict, due to the overwhelming evidence that Steven never intended to repay the loan. However, Eric's failure to satisfy his burden to provide a record of the oral trial proceedings forecloses his arguments, because in the absence of a record demonstrating otherwise, we presume that the trial court's rulings and conduct were correct and that substantial evidence supported the verdict. We therefore affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

After Steven failed to repay a $100,000 loan from Eric for the purchase and remodel of a home (the Property), Eric sued Steven for breach of the promissory note. He amended his complaint to add causes of action for fraud and deceit, quiet

2

title, civil conspiracy, fraudulent transfer, constructive trust, and judicial foreclosure. The court sustained Steven's demurrer to all the causes of action except breach of contract, fraud, and judicial foreclosure.

In August 2010, the trial court granted Eric's motion for summary judgment on the claims for breach of contract and judicial foreclosure, issued a decree of foreclosure for the Property, and ordered that Steven pay Eric $114,695.88 plus interest from the proceeds of the sale. Eric voluntarily dismissed his remaining cause of action for fraud and deceit. However, Steven never paid Eric, instead declaring bankruptcy, and on September 27, 2011, the trial court reinstated the fraud claim at Eric's request. Trial initially was set for October 2011 but was continued on several occasions to August 26, 2013. Eric moved to amend the complaint to add additional facts relating to the cause of action for fraud and deceit, and on the second day of trial the trial court ordered that the complaint be conformed to proof at trial.

The trial on the fraud and deceit claim commenced on August 26, 2013 and lasted three days. The jury found in favor of Steven and judgment on that cause of action was entered in his favor. Eric filed a motion for a new trial and a motion for judgment notwithstanding the verdict, both of which were denied. He timely appealed.

## DISCUSSION

I.    *Denial of Fee Waiver for Court Reporter for Trial*

Eric contends that because he is indigent, the court should have granted his application for a waiver of the court reporter's fees for the three-day trial. Under Government Code section 68630 et seq. and California Rules of Court, rules 3.50 to 3.58, litigants who qualify as indigent under Government Code section 68632 and who comply with the application procedures set forth in rule 3.51 are entitled

3

to waivers of certain court fees, and may in the discretion of the trial court be granted waivers of other court fees. (*Kim v. De Maria* (2013) 218 Cal.App.4th Supp. 1, 4.) As relevant here, a qualified litigant is entitled to a waiver of court reporter fees "for attendance at hearings and trials held within 60 days of the date of the order granting the application" (Cal. Rules of Court, rule 3.55(7)), and *may* receive a waiver of reporter's fees for hearings and trials held more than 60 days after the date of the order granting the application. (Cal. Rules of Court, rule 3.56.)

At the outset of the case, in 2009, Eric was granted a fee waiver, and then on subsequent occasions he was granted additional fee waivers, including for the court reporter's daily fee for up to 60 days from the date of each fee waiver order. On August 26, 2013, Eric filed another waiver request, including court reporter fees for the impending three-day trial as well as jury fees and expenses. The trial court granted the request as to jury fees and expenses, but not reporter fees for the three-day period.

Neither the August 26, 2013 order denying the reporter fee waiver nor the minute order referencing it state the basis for the denial, and there is no transcript of the hearing in the record. However, for the reasons that follow, we can readily ascertain the basis for the court's order and conclude that the trial court did not abuse its discretion in denying the waiver of reporter fees for the trial.

In short, the trial court denied the request for the waiver of official court reporter fees because there would be no official court reporter at the trial whose fees could be waived and absorbed by the court. Prior to May 15, 2012, Local Rule 2.21 provided that "[o]fficial court reporters are normally available for reporting all trials in unlimited civil cases." (Former Los Angeles Superior Court Rules, rule 2.21(a).) However, due to deep budget cuts affecting California's trial courts, the presiding judge of the Los Angeles Superior Court signed a General Order, effective May 15, 2012, suspending Local Rule 2.21, and adopting a

4

"Policy Regarding Normal Availability of Official Court Reporters and Privately Arranged Court Reporters."

(http://www.lacourt.org/generalinfo/courtreporter/pdf/CourtReporterPolicy.pdf) That policy noted that parties in civil cases do not have a constitutional right to a court reporter, and that beginning June 18, 2012, official court reporters normally would not be available for civil trial proceedings in Los Angeles Superior Court, but that parties could privately arrange for court reporters pursuant to specified procedures. (*Id.* at p. 1.) The policy further stated that "[c]ourts are not required to provide official court reporters in civil matters to indigent litigants. . . . California Rule of Court Rules 3.55 and 3.56 mention court reporters fees as fees that can be waived for indigents. However, the rule does not create a right to have an official court reporter present. The rule merely creates a waiver of official court reporters' fees when one is present. Nothing in these rules grants the recipient of a fee waiver a right to a free official court reporter where none is provided by the court." (*Id.* at p. 2.)

Los Angeles Superior Court Local Rule 2.21 was subsequently amended, effective January 1, 2013, to provide, as relevant here, that "[o]fficial court reporters are not normally available for reporting trials in unlimited civil cases." (Los Angeles Superior Court Local Rules, rule 2.21(a).) "Parties desiring the services of a court reporter for a proceeding for which the court does not make a court reporter available may arrange for the appointment of a court approved official court reporter from a list maintained by the court, or may, by stipulation, arrange for the appointment of a privately retained certified shorthand reporter, in accordance with the procedures posted on the court's website and available in the clerk's office. If an arrangement for a court reporter is made under this subdivision, it is the responsibility of the arranging party or parties to pay the

5

reporter's fee for attendance at the proceedings." (Los Angeles Superior Court Local Rules, rule 2.21(e).)

Thus, under the Los Angeles Superior Court Local Rules applicable at the time of his August 26, 2013 request for a waiver of reporter's fees for trial, the court would not make an official court reporter available for the trial, and if Eric chose to arrange for the services of a reporter, as was his right, he was responsible for the fee. Because no court reporter was to be provided by the court for the trial, the court did not abuse its discretion in denying Eric's application for a waiver of reporter fees.

II.    *Motion for a New Trial*

Eric contends that the trial court erroneously denied his motion for a new trial. To determine whether Eric's motion for a new trial should have been granted, we examine the entire record and make an independent assessment of whether there were grounds for granting the motion. (*ABF Capital Corp. v. Berglass* (2005) 130 Cal.App.4th 825, 832.) However, the appellate record compiled by Eric does not include a record of the oral trial proceedings. Rule 8.120 of the California Rules of Court states: "Except as otherwise provided in this chapter, the record on appeal in a civil case must contain the records specified in (a) and (b), which constitute the normal record on appeal. [¶] . . . [¶] (b) Record of the oral proceedings [¶] If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: [¶] (1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137."

As mandated by Los Angeles Superior Court Local Rule 2.21, the trial court did not make an official court reporter available for the trial, and Eric did not make

6

his own arrangements for a reporter to be present; thus, it was not possible for him to provide a reporter's transcript of the trial proceeds. However, Eric still had the ability to provide us with either an agreed statement or settled statement. (Cal. Rules of Court, rules 8.130(g), 8.134, 8.137.) The parties did not file an agreed statement, and Eric did not file a request for a settled statement. It is an appellant's burden to furnish a record that is adequate to consider the contentions on appeal. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574–575; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 [in absence of reporter's transcript, appellant should have augmented record with settled statement "to provide an adequate record to assess error"]; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186.) As discussed below, we are unable to credit any of Eric's arguments on appeal in the absence of a record to support his contentions of error.

A. *Allegedly Erroneous Evidentiary Rulings*

1. *Steven's Bankruptcy Filings and Bank Statements*

Eric contends that the trial court erred by excluding all of the filings from Steven's bankruptcy case, which Eric contends contained a "multitude of false statements," demonstrated that Steven "used the bankruptcy system [to] pocket over $108,000 in fraudulent benefits," and further showed that Steven never intended to pay him back the $100,000. Likewise, Eric contends that the trial court erred in sustaining Steven's objections to the admission of bank statements that, according to Eric, showed Steven was in no position to repay the loan or make the improvements to the Property and therefore demonstrated he had no intention of repaying the loan.

Without a record of the oral proceedings at trial, we are unable to evaluate whether Steven's objections to the admission of the bank statements and bankruptcy filings were meritorious and properly sustained. Even assuming the

7

objections were improper, without a sufficient record, we cannot ascertain whether Eric was prejudiced by any erroneous exclusion of evidence. "It is a fundamental principle of appellate jurisprudence in this state that a judgment will not be reversed unless it can be shown that a trial court error in the case affected the result." (*In re Sophia B.* (1988) 203 Cal.App.3d 1436, 1439.) The appellant has the burden on appeal not to merely show error but "'to show injury from the error.'" (*Douglas v. Ostermeier* (1991) 1 Cal.App.4th 729, 740.) Without a record of the oral proceedings, Eric can show neither error nor injury.

## 2. *Third Amended Complaint*

Eric contends that the trial court erred in failing to allow his third amended complaint, which included additional facts supporting his fraud and deceit allegations, to be admitted as an exhibit at trial; instead, the jurors were forced to rely on their memory of his testimony with respect to the additional allegations. His exhibit list does not include the third amended complaint,[1] and, as discussed above, he has not presented a record of the oral trial proceedings from which we could determine that he indeed sought to have it introduced as an exhibit. Even assuming that he did seek its admission, we do not have a sufficient record from which to analyze his claim that the trial court erred in excluding it, or that he was prejudiced by its exclusion. Moreover, we note that a complaint generally does not constitute admissible evidence. We cannot find that the trial court erred in failing to admit it as a trial exhibit.

---

[1] Although Eric lodged a third amended complaint at the time he moved to amend the then-operative second amended complaint, it does not appear that the third amended complaint was ever filed. Rather, on the second day of trial, the court ordered the complaint to be conformed to the proof at trial.

8

### 3. *Exhibit No. 110*

Eric contends that the trial court erred in admitting into evidence as Exhibit No. 110 a collection of 2007 inspection reports and repair estimates relating to termite, mold and other issues with respect to the Property. He argues that the documents should have been excluded because they were not produced during discovery, and he asserted in his declaration in support of his motion for a new trial that he objected at trial on that basis. He contends he was prejudiced by Steven's failure to turn over the documents in discovery, because they would have led him to the discovery of additional crucial documents demonstrating Steven's concealment of the Property's significant defects. In denying Eric's motion for a new trial, the trial court ruled that even assuming that Eric was unaware of the documents before trial, he had not demonstrated that he was prejudiced by their admission into evidence, because their content was not material to any issue decided by the jury in rendering its verdict.

In the absence of an affirmative showing of error, we presume that this ruling by the trial court is correct. (*Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 718.) Without a record of the oral proceedings at trial, we cannot determine whether Eric in fact made appropriate objections to Exhibit No. 110. Even if we assume that he made a proper objection, without a record of the trial proceedings we cannot say that the trial court erred in concluding that Eric was not prejudiced by the admission of the exhibit. Rather, "it is presumed that the unreported trial testimony would demonstrate the absence of error." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

### 4. *Evidence Regarding $5,000 Settlement Payment*

Eric contends that although the court had granted his motion in limine to exclude evidence that Steven paid him $5,000 as part of a settlement, the court

9

permitted the evidence of the payment to come in at trial.  However, Eric failed to provide a record demonstrating that the court granted his motion in limine to exclude such evidence or that it admitted evidence in contravention of that ruling.  As such, we find no error.

B. *Allegedly Erroneous Jury Instructions*

Eric contends that the jury instructions provided to the jury omitted special instructions he requested, including CACI No. 1901, the pattern instruction for concealment, as well as additional instructions defining deceit.  On the scant record before us, we can find no instructional error.

"An appellant arguing instructional error must ensure that the appellate record includes the instructions given and refused and the court's rulings on proposed instructions.  [Citations.]  . . .  [I]f the record does not show whether an instruction was refused or 'withdrawn, abandoned, or lost in the shuffle,' the reviewing court must presume that the appellant withdrew the instruction.  [Citation.]  '[I]t is incumbent upon . . . appellant . . . to make certain that the trial court has ruled [on a requested instruction] and that the record on appeal discloses that ruling before the alleged ruling may be assigned as error.  [Citations.]' [Citation.]" (*Bullock v. Phillip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 678-679 (*Bullock*).)

In this case, although Eric requested that the trial court give additional instructions, including CACI No. 1901, we cannot ascertain why the court did not give these instructions, because there is no record of the oral proceedings.  Moreover, because Eric failed to argue in his memorandum of points and authorities in support of his motion for a new trial that these instructions were erroneously omitted, the trial court did not have the opportunity to explain the basis for their omission.  In the absence of a record demonstrating error, we must

10

presume that the trial court committed no instructional error. (*Bullock, supra,* 159 Cal.App.4th at p. 678.)

C. *Admonishment by Trial Judge in Jury's Presence*

Eric complains that he was prejudiced when the trial court admonished him in front of the jury that "this was not the Jerry Springer show" and that he was trying to sneak in evidence that he had been told not to raise. As he acknowledges, because there is no record of the oral proceedings, "[t]he exact words cannot be provided to the Appellate Court." Without a record supporting his allegations, we will not presume that the trial court made statements to Eric that were prejudicial.

III.     *Motion for Judgment Notwithstanding the Verdict*

Finally, Eric contends that the trial court erred in denying his motion for a judgment notwithstanding the verdict. "Ordinarily, when reviewing a ruling on a motion for JNOV, 'an appellate court will use the same standard the trial court uses in ruling on the motion, by determining whether it appears from the record, viewed most favorably to the party securing the verdict, that any substantial evidence supports the verdict. ""If there is any substantial evidence, or reasonable inferences to be drawn therefrom in support of the verdict, the motion should be denied.""" [Citation.]" (*Pacific Corporate Group Holdings, LLC v. Keck* (2014) 232 Cal.App.4th 294, 309.) In denying the motion, the trial court found that substantial evidence supported the verdict. In the absence of a record of the oral trial proceedings that demonstrates otherwise, we presume that the trial court's ruling was correct.

11

## DISPOSITION

The judgment is affirmed.  Respondent is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


MANELLA, J.

12